(No. 11580.—Writ of error dismissed.)
Guy C. McDONALD et al. Plaintiffs in Error, vs. WESLEY SHIMEALL et al. Defendants in Error.

*Opinion filed December 19, 1917—Rehearing denied Feb. 6, 1918.*

1. JUDGMENTS AND DECREES—*a consent decree is conclusive upon the parties.* A decree by consent cannot be appealed from, error cannot be assigned upon it, a rehearing cannot be granted, and it cannot be set aside by a bill of review.

2. SAME—*when complainants cannot appeal or sue out a writ of error.* Where it appears on the face of the record that the decree is precisely according to the prayer of a bill to construe a will and terminate a trust and grants exactly the relief and all the relief asked for, the complainants cannot appeal or prosecute a writ of error even though the decree may be erroneous; nor can they complain that their unborn children having a contingent interest in the trust fund were not parties by representation.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

LAWRENCE HARMON, for plaintiffs in error.

ADAMS, CREWS, BOBB & WESCOTT, for defendant in error Dora McDonald.

Mr. JUSTICE DUNN delivered the opinion of the court:

Guy C. McDonald, Cassius M. McDonald and Harold A. McDonald filed a bill in the superior court of Cook county on July 3, 1914, against Wesley Shimeall, Charles Winship and Dennis Colbert, individually and as trustees of the estate of Michael C. McDonald, deceased, and Dora McDonald, for the purpose of obtaining a construction of the will of Michael C. McDonald, praying that the trust created by the will be terminated, that the trustees make an accounting of the trust, and that they be decreed to convey and deliver the property to the complainants and be discharged as trustees. On the same day the defendants answered the bill, the cause was heard on the pleadings and

evidence and a decree was entered in accordance with the prayer of the bill. On June 30, 1917, Guy C. McDonald and Cassius M. McDonald sued out a writ of error to reverse the decree.

The plaintiffs in error now contend that the decree is erroneous because their interest under the will was contingent and will become vested only at the expiration of fifteen years from the testator's death, in 1907, upon the condition that they survive that period; that the unborn children of the complainants were not represented in the suit; that the decree was a clear subversion of the trust and that the court had no jurisdiction to make it. The cause has been submitted on demurrer to five pleas filed by Dora McDonald, one of which is that the decree was rendered by consent. A decree by consent cannot be appealed from, error cannot be assigned on it, a rehearing cannot be granted and it cannot be set aside by a bill of review. (*Armstrong* v. *Cooper*, 11 Ill. 540; *Galway* v. *Galway*, 231 id. 217; *Mooney* v. *Valentynovicz*, 262 id. 355.) It appears on the face of the record that the decree was precisely according to the prayer of the bill and granted the complainants exactly the relief, and all the relief, they asked. Under such circumstances a complainant cannot appeal or prosecute error. *Gray* v. *Jones*, 178 Ill. 169.

The plaintiffs in error cannot complain of the lack of representation of their unborn children, who had a contingent interest in the trust. If they were necessary parties the decree is not binding on them. But the complainants can not take advantage of the error which they caused to be committed, and if the decree was a clear subversion of the trust, the plaintiffs in error, who caused it to be entered when they thought it for their advantage to do so, are not the proper parties to complain. The court had jurisdiction of the subject matter of the bill, which involved a construction of a will and the administration of a trust. It had the power to decide, and even if the decree entered was errone-

ous it was not without jurisdiction. The pleas of the defendants in error were not necessary. The plaintiffs in error having obtained the relief sought by the bill cannot assign error on the decree.

The writ of error is dismissed.    *Writ dismissed.*