No. 10,417.

GARF *v*. WEITZMAN.

Decided October 2, 1922.

Action for injunction.   Decree for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.  CONTRACT—*Construed.* A contract providing that a tailor who sold his business, would not reside, nor engage in business, within a radius of eight blocks of his original location for three years, held not to be invalid as contrary to public policy, or an unreasonable restraint of trade or personal liberty.

2.  APPEAL AND ERROR—*Judgment by Consent.* Where a party delib-

erately consents at the trial, to a rendition of a judgment, he is estopped to predicate error thereon in the appellate court.

3.    *Objection Not Raised in Trial Court.* The objection that a decree granting an injunction did not require plaintiff to give bond, not having been raised in the trial court, will not be considered on review.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. I. L. QUIAT, for plaintiff in error.

Mr. PHILIP HORNBEIN, for defendant in error.

*Department One.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit for an injunction to restrain the defendant from engaging in the business of a tailor on any premises within a certain distance from the building in which plaintiff is carrying on the tailoring business. There was a decree for plaintiff. The defendant has sued out this writ of error, and the cause is before us on his application for a supersedeas.

The plaintiff bases his right to the relief sought, and granted by the trial court, upon a contract involving the sale of defendant's tailoring business to plaintiff.

The principal contention of defendant is that the contract, in so far as it imposes restrictions upon the defendant, is void as being contrary to public policy because, as he claims, it is in unreasonable restraint of trade and of the personal liberty of defendant. For the purposes of this contention the defendant singles out the following clause of the contract:

"And further that during the three years next ensuing after the signing of this agreement he (defendant) will not reside or work, in any capacity whatever, or act directly or indirectly as a partner, assistant or employee of any person or persons residing or doing business within a radius of eight (8) blocks in any direction from the prem-

ises known as No. 329 East 20th Avenue, Denver, Colorado."

The defendant formerly conducted a tailoring business at 329 East 20th Avenue, mentioned in the above quotation from the contract. For a valuable consideration he sold that business to plaintiff, agreeing at the same time, in the contract selling the business, what is stated in the foregoing quotation.

Defendant now relies on a rule which, broadly stated, is that a contract not to carry on any business whatever is unreasonable and not enforceable. To make the rule applicable in the instant case, he construes the contract to mean that he binds himself not to reside or work within the area described, and, of course, if he cannot reside or work there neither can he carry on any business whatever in that locality.

Assuming that this construction of the contract is correct, still it does not appear to us as unreasonable. A tailoring business is one which may be conducted in one's own dwelling, and a purchaser of a tailoring business may reasonably insist that the vendor not merely agree to refrain from carrying on the business within a certain district, for a limited time, but also agree not to reside within such area. Such a contract is not unreasonable. In a city of the size of the City and County of Denver, an area having a radius of only eight blocks is a comparatively small one. A contract imposing an obligation of nonresidence within such district is no more against public policy than was the contract considered in *Wallace v. McPherson*, 138 Tenn. 458, 197 S. W. 565, L. R. A. 1918A, 1148, which was one to remove from a city and remain away from it, and which the court upheld.

In 13 C. J. 489, section 433, it is said that one "may agree not to do what he has a legal right to do, even though the promise may be restrictive of his personal rights." Citing *Upton v. Henderson*, 106 L. T. Rep. N. S. (Eng.) 839, where an agreement not to come within ten miles of another's residence was upheld.

In *Barrows v. McMurtry Co.*, 54 Colo. 432, 131 Pac. 430, this court intimated that it would not readily set aside contracts between vendors and purchasers of a business as being contrary to public policy. Such contracts are there dealt with, and the discussion need not be repeated here.

For the reasons above stated, we hold the contract involved in the instant case to be valid.

It is next contended that the decree is erroneous because rendered without the taking of testimony. The bill of exceptions show that on June 9, 1922 the cause came on for hearing on defendant's motion to strike portions of the complaint. Without objection, the court announced that the hearing would be treated as one upon the merits of the case. The defendant forthwith filed his answer but did not insist upon a trial of any issue of fact, even after the court was about to render a final decree on determining the question of the validity of the contract and one other question. Instead, the defendant merely asked that he be given an opportunity to sell the business which he had established in his new location, and to accommodate him, the court made an order continuing the case until June 27, 1922. When that date arrived the defendant for the first time objected to a final decree on the ground that no evidence was taken. From the foregoing it appears that the objection was made after, and only after, the defendant had consented to the rendition of a judgment. The court was justified in rendering the consent decree. The defendant is estopped to predicate error because of the omission of the taking of evidence. 4 C. J. 717, sec. 2635.

The third and last point presented by defendant and raised now for the first time, is that the decree granting the permanent injunction did not require plaintiff to give a bond. Since this matter was not mentioned in the court below, it need not be considered here.

There is no error in the record. The application for a supersedeas is denied and the judgment is affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE TELLER concur.