## No. 11,930.

### BIGLER v. BIGLER, ET AL.

Decided October 31, 1927.    Rehearing denied November 21, 1927.

Action involving probate of a will. Decree admitting will to probate.

*Affirmed.*

*On Application for Supersedeas.*

1.  WILLS—*Probate—Appeal.* A legatee after consenting to the probate and recording of the will in the county court cannot contest it on appeal to the district court.

2.  APPEAL AND ERROR—*Consent Judgment—Appeal.* There is no right of appeal from an order or judgment by consent, regularly obtained.

3.  WILLS—*Probate—Fraud.* Under C. L. § 5204, courts do not knowingly admit fraudulent wills to probate.

4.  WORDS AND PHRASES—*Probate.* The word "probate" implies proof of an honest will.

*Error to the District Court of the City and County of Denver, Hon. Francis E. Bouck, Judge.*

MR. FRED S. CALDWELL, Mr. WAYNE C. WILLIAMS, for plaintiff in error.

Mr. C. E. WAMPLER, Mr. THOMAS KELLOGG, for defendants in error.

*Department Two.*

MR. JUSTICE ADAMS delivered the opinion of the court.

FRANK Bigler, defendant in error, the executor named in the last will and testament of Mary Bigler, deceased, presented her will for probate in the county court, and applied for letters testamentary. Charles H. Bigler, plaintiff in error, was one of the heirs and legatees of deceased who was cited to appear. He filed no caveat or objections to the probate of the will in the county court, as provided in § 5211, C. L. 1921, or at all. On the contrary he signed the following consent and waiver, endorsed on the citation: "I hereby waive service of the within citation and consent that the instrument of writing purporting to be the last will and testament of said deceased may be admitted to probate and record without further notice to me. (Signed) Charles H. Bigler."

Similar waivers and consents of other parties interested were obtained, and the will was proven and admitted to probate, as the last will and testament of deceased, and letters testamentary issued to defendant in error.

Frank and Charles are brothers, sons of deceased. The will cut Charles off with a legacy of one dollar, for the reason stated by testator in her will, that Charles had already received a goodly portion of her money and effects during her lifetime, and that she deemed such portions sufficient for him.

Charles made no attempt to offer any evidence in the county court, but after the will had been probated there, he took an appeal to the district court of the same county, and filed written objections to the probate of the will, on the ground that it had been procured from deceased by fraud and undue influence. Counsel for Frank filed a motion in the district court to dismiss the appeal, because of Charles' previous waiver and consent filed in the county court. The district court sustained the motion, and· Charles brings the case here for review, and asks for a supersedeas.

The trial court was right. Plaintiff in error could not consent to the probate and recording of the will in the county court, and later appear in the district court and have the work of his own hand set aside. His counsel say that what he signed was a mere appearance. Undoubtedly it would have been if it had so stated, but it was not thus limited. It shows on its face what it is. Charles wants now to do exactly the opposite from that to which he consented in the county court; he wants to set aside the probate of the will.

Counsel for plaintiff in error argue that he is denied the right of appeal, but there is no right of appeal from such an order or judgment by consent, regularly obtained. *Garf v. Weitzman,* 72 Colo. 136, 209 Pac. 809; *McDonald v. Shimeall,* 282 Ill. 42, 118 N. E. 399.

They further argue that this rule does not apply to the case at bar, and that the case is tried de novo in the district court, but there is no reason for excluding such a sound principle from important matters like will contests. Independently of statute, we would adopt it as a matter of good practice, and in fairness to the courts, as well as to the other litigants, if there were no other good reasons for it. Courts do not knowingly admit fraudulent wills to probate. See C. L. 1921, § 5204. The word "probate" itself implies proof of an honest will and we must so accept it here.

Judgment affirmed,

MR. JUSTICE DENISON, sitting for MR. CHIEF JUSTICE BURKE, MR. JUSTICE SHEAFOR and MR. JUSTICE BUTLER concur.