**In the Matter of the Estate of Anna B. Austin, Deceased.**
**Frederick C. Austin, Appellant, v. First Trust & Savings Bank, Appellee.**

**Gen. No. 33,612.**

Opinion filed March 5, 1930.

I. B. LIPSON and BROWN, FOX & BLUMBERG, for appellant; CHARLES LEROY BROWN and HENRY BLUMBERG, of counsel.

PACKARD, BARNES & McCAUGHEY, for appellee; GEORGE PACKARD and CECIL BARNES, of counsel.

MR. PRESIDING JUSTICE WILSON delivered the opinion of the court.

This case was previously before this court as General Number 31,187, reported in 243 Ill. App. 386. A petition for a writ of certiorari to the Supreme Court to

review the judgment in that case was denied. In that proceeding Austin, the petitioner here, was contending that two certain written instruments, executed by Anna B. Austin, deceased, constituted a gift *causa mortis* of a certain pearl necklace. Defeated in that contention, he is again here insisting that he was mistaken in his first position and that said written instruments were, in fact, testamentary in character, and he should be allowed to have them filed in the probate court of Cook county as codicils to the will involved in this, as well as the previous proceeding.

The facts in chronological order follow:

*January 1, 1903.*

Trust Deed executed by Anna B. Austin, wife of Frederick C. Austin, petitioner herein, to James B. Forgan, as trustee, creating a trust in favor of Marion Ogden and Wesley Ogden, children by a prior marriage, with a provision for the payment by the trustee in said instrument to her husband, Frederick C. Austin of $6,000 a year during his lifetime.

*March 18, 1907.*

The will of Anna B. Austin, devising and bequeathing to her husband, Frederick C. Austin, all property, real, personal and mixed, of which she should die possessed.

*January 2, 1914.*

Codicil number one (1) to the will of Anna B. Austin, giving and bequeathing unto the First Trust & Savings Bank of the City of Chicago, Illinois, as trustee, a certain pearl necklace, of the value of $60,000, with the power and authority to sell and invest the proceeds, the income to go to her husband, Frederick C. Austin, during his lifetime and upon his death the principal fund to be distributed among her grandchildren.

This codicil is the one petitioner in this cause seeks to have revoked by two certain instruments, hereinafter set forth and referred to as delivery orders.

*June 29, 1922.*

A certain instrument in writing, executed by Anna B. Austin at Hamburg, Germany, and one of the two instruments relied upon by petitioner as constituting a revocation of the first codicil of his wife's will.

"Forth and Powell,

"New York City.

"Please deliver to my husband, F. C. Austin, or upon his order all my jewelry and property left with you, or the proceeds thereof, as his own and to do with as he elects.

Anna B. Austin.

"Witnessed:

Frances M. Watson,

Maria C. Thelen."

*June 29, 1922.*

A certain instrument in writing constituting the second of the two instruments relied upon by petitioner Austin, as constituting a revocation of the first codicil of the will and also executed at Hamburg, Germany, is as follows:

"Mr. Moses L. Purvin,

or whom it may concern:—

"Please deliver to my husband, F. C. Austin, all money, securities, jewelry, property and personal belongings as his own and to do with as he sees fit. The only will I have made is the one I handed you several years ago for safekeeping, in which I willed all to my husband.

Anna B. Austin.

"Witnessed:

Frances M. Watson,

Maria C. Thelen."

*June 30, 1922.*

Anna B. Austin died at Hamburg, Germany.

*August 23, 1922.*

Will offered for probate in the probate court of Cook county, together with codicils thereto attached,

including codicil number one, by Frederick C. Austin, named as executor in said will.

*January 9, 1924.*

Petition for citation by the First Trust & Savings Bank to compel Austin to inventory the string of pearls in question and to turn same over to the First Trust & Savings Bank, as trustee named in said will.

*June 24, 1924.*

Supplemental petition for citation by the First Trust & Savings Bank, praying that said Austin inventory said string of pearls held by him under his claim that they were his individually by virtue of a gift *causa mortis.*

*January 14, 1925.*

Order of the probate court dismissing said petition and appeal prayed and allowed.

*March 4, 1926.*

Decree of the circuit court of Cook county dismissing the petition for citation by the First Trust & Savings Bank and allowing an appeal to the Appellate Court, which orders of the probate and circuit courts were reversed by the Appellate Court.

*September 2, 1927.*

Petition of Frederick C. Austin filed in the probate court of Cook county, charging that on August 23, 1922, petitioner deposited in that court and offered for probate, the last will and testament of Anna B. Austin, deceased, together with three other writings, purporting to be codicils thereto; that no formal record of the admission of the said reported codicils to probate has ever been made in said court nor a formal record of the admitting of said will to probate; charging that the offering for probate of the purported codicil of January 2, 1914, was a mistake on the part of petitioner. Prays that the clerk be directed to enter a proper and formal order now, admitting said will to probate, together with the two certain delivery orders

dated June 29, 1922, as codicils to said will and revoking the codicil of January 2, 1914. Or, in the alternative, if it be found that the will was properly probated, then that an order be entered vacating and setting aside so much of said proceeding as admitted said codicil of January 2, 1914, to probate.
*April 13, 1928.*

Order of the probate court, denying and refusing to admit said two delivery orders to probate, as codicils to the will and entering a formal order *nunc pro tunc,* as of December 14, 1922, admitting said will to probate, and granting of letters testamentary in the estate of Anna B. Austin, deceased.

An appeal from this last order was taken to the circuit court and from that court this cause comes here on appeal. We have set forth the matter fully in chronological order for the purpose of showing the numerous steps that have been taken since the will was originally offered for probate by the petitioner in this proceeding.

From the *nunc pro tunc* order entered April 13, 1928, it appears that when the will was originally offered for probate, no formal order or judgment was entered of record because of a misprision of the clerk. It does appear, however, that an order was entered and this based upon the following facts as shown by the records of the probate court.

1. An entry in the minute book of the clerk, showing will and three codicils proven and admitted to record; letters testamentary issued to F. C. Austin; bond approved.

2. A stamp on the face of each of said will and three codicils, showing that they were proved and admitted to record in open court December 14, 1922, signed by the probate judge.

3. A recording of said will in the book of wills, together with the codicils attached to said will.

4. Issuance of letters testamentary to Austin, as executor.

5. An instrument bearing date, December 17, A. D. 1925, signed by the clerk of the probate court, certifying under seal that said last will and codicils of Anna B. Austin had been received and recorded as such.

From this record we are of the opinion that, while no formal order was entered, it was considered as having been so done by all the parties in interest, and the question was never raised until the filing of this last petition on September 2, 1927.

The Supreme Court of this State in the case of *Keister v. Keister,* 178 Ill. 103, in its opinion says:

"The allegations that the will was not *properly probated* and that letters testamentary were *improperly granted* are the mere conclusions of the pleader and are not supported by the facts. 'Exhibit B,' referred to, shows that the witnesses to the will appeared at the November term, 1891, of the Macon county court and made oath to the execution of the instrument, and while the oath is not literally in the language of the statute we think it is in substantial compliance therewith. On the back of the will and attestation by the witnesses was endorsed: 'Probate of will, Macon county court, November term, 1891.—In the matter of the last will and testament of Peter Keister, deceased.—Filed in the county court this 10th day of November, 1891.—George P. Hardy, Clerk.' 'Recorded in will records, page 202.' Then follows the oath of the executors, dated November 11, 1891, subscribed and sworn to in open court before the clerk, which was duly filed. It does thus appear with reasonable certainty that the will was in fact admitted to probate, although no formal order to that effect was entered, as should have been done."

While in the case just cited the question was raised in a collateral proceeding, nevertheless, we think the

language of the Supreme Court is clearly applicable in a case where the parties treated the order as having been formally entered and have proceeded by appeal to this court in the original proceeding without having at any time raised the question. Moreover, the court found by its *nunc pro tunc* order that the will had in fact been probated. Treating the order as having been entered as of December 14, 1922, we come to the consideration of the question as to whether the probate court properly denied the petition of Austin to vacate and set aside the order admitting codicil number one to probate, and refusing to permit the delivery orders of June 29, 1922, to probate, as additional codicils to the will. It would seem that, even if these codicils had been admitted to probate, there would be a serious question as to whether, in fact, they did revoke codicil number one. This would necessitate a further appeal to this court for review of the decision of the probate court on that question. There might arise also the question as to the right to contest on the ground of undue influence. The grandchildren might well be grandparents before the end of the litigation. The particular subject of codicil number one, namely the string of pearls, is not mentioned in either of the so-called delivery orders. But, on the other hand, this court on the previous appeal, general number 31,187, found that there was in the hands of Forth & Powell, to whom the letter or delivery order of June 29, 1922, was directed, jewelry consisting of 67 different items. There was also other property with Purvin, to whom the second communication was directed. It may well be said that codicil number three, specifically enumerating as it did a particular piece of jewelry, would be controlling. It should also be borne in mind that all of the property was left by will to the petitioner and he would take under the will, regardless of these two alleged codicils.

This court in its opinion in the first case, *First Trust & Savings Bank v. Austin,* 243 Ill. App. 386, in its opinion says:

"These letters are nothing more or less, in our opinion, than directions to persons in whose custody much of her personal property was, requesting them to deliver possession of it to her husband, pursuant to her will, in which she had left 'all to my husband.' We attach no special significance to the words requesting these bailees to turn over all the property in their care to her husband, 'as his own and to do with as he elects,' or 'as he sees fit.'" This court in that same opinion held: "(1) that the evidence fails to show Mrs. Austin had any intention of making a gift of her pearl necklace to her husband; (2) that she, in fact, made no such gift; (3) that there was no such change in the condition of her estate as to this necklace, as to give rise to a legal presumption that she intended to revoke the codicil to her will, in which she had bequeathed the necklace to the petitioner, as trustee; and (4) that her attempt to bring about such a change may not be given that effect."

There is nothing in the record as it is now before us which adds anything to the claim that she intended by these communications or directions of June 29, 1922, to revoke codicil one of her will. We have no more reason now, than we had at that time, to attach any special significance to the language used in the two delivery orders. Their only effect was to render it easier for petitioner Austin to obtain possession of the property. The capacity in which he obtained it, whether as an individual or as executor, in our opinion is unimportant, as it ultimately had to be accounted for. In our opinion there is nothing in said documents which would revoke codicil number one, either directly or by implication.

Moreover, we are of the opinion that petitioner by his conduct is estopped. He originally offered the

will for probate, together with codicil number one, and relied upon the position which he then took, namely, that by the two instruments of January 29, 1922, the pearls were a gift to him *causa mortis*. If he relied upon a revocation of codicil number one, by reason of the execution of these two instruments, they should have been offered for probate in the first instance and then the time of court and counsel, as well as the loss of income to the grandchildren, would have been avoided. Petitioner is now asking to be relieved from the order admitting the will to probate.

The Supreme Court of this State in the case of *Conzet v. Hibben,* 272 Ill. 508, says:

"All of the next of kin and heirs-at-law of Charles Conzet, the testator, were made parties to the proceeding for the probate of the prior will. They entered their appearances in writing in that proceeding and consented to the probate of the will. They now ask to be relieved from the effect of the judgment they consented to. If they knew of the existence of the later will at the time they consented to the probate of the former, we are of opinion they are now estopped to ask to be relieved from the consequence of their own acts. If their consent to the probate of the former will was procured by fraud or through mistake this should have been shown by proof, and upon that subject there is no proof whatever. There is some proof tending to show that the widow of the testator knew he had executed another will, but there is no proof that appellants and the heirs of testator had no knowledge of it."

The mistake, if any, in the case at bar was one not of fact, but of law. The facts were in the possession of all of the parties to the original proceeding. The mistake claimed by petitioner was a mistake in the interpretation of the documents. There was no concealment of fact and no fraud.

The Supreme Court again in the case of *Ferns v. Chapman,* 211 Ill. 597, in its opinion says:

"In support of the decree it is contended that Alexander M. Cheney is estopped by the proceedings had in the case of *Chapman v. Cheney, supra,* from attacking the validity of the deed of May 3, 1892. In that case, as finally tried upon the amended bill, Alexander M. Cheney claimed title to the premises as heir-at-law of his father, Prentiss D. Cheney, deceased. In the case at bar he claims title thereto as owner under the devise to him contained in the will of his grandfather, Edward A. D'Arcy, deceased, and by inheritance from his mother and deceased brother and sister. In the first suit he necessarily admitted the validity of the deed, while in this suit he asserts its invalidity. 'Whenever the law supplies to a party two or more methods of redress in a given case, based upon inconsistent theories, however those methods may differ, either in the form or the forum of procedure or in the personality of the parties to the several proceedings, the party is put to his election, and his choice of either is a bar to his resort to the other.' (7 Ency. of Pl. & Pr. p. 361.) This doctrine has often been applied by this court."

The Supreme Court of the United States in the case of *United States v. Oregon Lumber Co.,* 260 U. S. Rep. 290, in its opinion holds:

"Any decisive action by a party, with knowledge of his rights and of the facts, determines his election in the case of inconsistent remedies, and one of the most unequivocal of such determinative acts is the bringing of a suit based upon one or the other of these inconsistent conclusions." To the same effect see *Bigler v. Bigler,* 82 Colo. 463.

We are unable to agree with the reasoning in the case, *In re Broffee's Estate,* 206 Mich. 107, 172 N. W. 541.

The petitioner had the right to elect as to which of two positions he desired to take at the time the will was offered by him for probate, and chose to take the position that the orders of June 29, 1922, were instruments creating a gift *causa mortis* and, by waiving his right to present them as codicils to the will, he became estopped and cannot now be heard on the position taken by him on the present appeal.

For the reasons stated in this opinion the judgment of the circuit court is affirmed.

*Judgment affirmed.*

RYNER and HOLDOM, JJ., concur.