## No. 14,318.

ESTATE OF WRIGHT.

FULTON *v.* LATHROP, EXECUTRIX.

(82 P. [2d] 772)

Decided July 11, 1938.   Rehearing denied September 19, 1938.

Mr. WILLIAM HEDGES ROBINSON, JR., Mr. T. R. SECREST, Mr. SYDNEY E. SHUTERAN, for plaintiff in error.

Mr. HOWARD ROEPNACK, for defendant in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

ACTION by plaintiff in error contesting the last will and testament of Catherine Wright, late a resident of

Jefferson county, who died October 2, 1936. Petition for letters testamentary was filed by Mary F. Lathrop, executrix named in the will, in the county court of the City and County of Denver, under the mistaken belief that testatrix was a resident of Denver. Citations were issued, and waivers thereon signed by all devisees and legatees, including the contestant (plaintiff in error), and on October 21, 1936, the order was entered admitting the will to probate, no caveat having been filed.

On March 9, 1937, five months later, contestant filed a "petition to remove," alleging that the testatrix's real estate was situate in Jefferson county; that at the time of her death, she was a resident of Jefferson county; "that this court does not have jurisdiction of the estate of Catherine Wright"; and praying "that your honor shall immediately certify said estate * * * to the county court of Jefferson county, Colorado * * * and shall henceforth dismiss all proceedings in the county court of the City and County of Denver." Answer was filed by executrix.

On April 5, 1937, the county court of the City and County of Denver entered the following order:

"1. That Lois Fulton is a legatee and one of the heirs at law of Catherine Wright, deceased, and as such has an interest in this estate;

"2. That the last domicile and known residence of Catherine Wright was in the town of Arvada, County of Jefferson, State of Colorado.

"3. That counsel for petitioner having consented in open court that expenditures made by said Mary F. Lathrop, as executrix of the estate of Catherine Wright, deceased, and approved by this court, shall not be questioned in any other, further, or different proceeding.

"It is therefore, ordered and decreed that the order heretofore entered in this cause on the 23rd day of March, A. D. 1937, be vacated, set aside, cancelled, and for naught held.

"It is further ordered that Mary F. Lathrop file her

final report of the funds received and expended by her, as executrix of the estate of Catherine Wright, deceased, within ten days from the date of this order.

"It is further ordered that upon the approval of the final report of said Mary F. Lathrop, all proceedings in this cause shall be certified to the county court of Jefferson county, state of Colorado."

Following the entry of this order, executrix filed a petition in the county court of Jefferson county, reciting the proceedings in the Denver county court, the names and addresses of the heirs and legatees, and a description of the property, with a prayer for the issuance of letters testamentary, to which objections were filed by contestant. Executrix moved to quash the objections, but the record does not disclose the ruling thereon by the county court. However, executrix did file a petition in the usual form for letters testamentary, and contestant filed a caveat, alleging inter alia, mental incapacity of the testatrix, and undue influence, which issues, apparently, according to statement appearing in brief of executrix, were tried to a jury and resolved in favor of the proponent of the will.

On an appeal to the district court by contestant, the executrix, proponent, in addition to denying the allegations of undue influence and mental incapacity, pleaded as separate defenses to the caveat, the following: 1. Written waiver of admission of will by Lois Fulton in county court of the City and County of Denver. 2. Estoppel. 3. Res judicata.

Contestant filed demurrers to these defenses, which were overruled. Given an opportunity to reply after the overruling of the demurrers, she elected to stand on them, even though the pleaded written waiver in the county court was thereby admitted. Judgment then was entered admitting the will to probate and letters testamentary ordered to issue to the executrix named in the will.

The defense of waiver was predicated upon the follow-

ing: "I hereby waive service of the within citation and consent that the instrument purporting to be the last will and testament of said deceased may be admitted to probate and record without further notice to me."

The defense of estoppel was founded on the above waiver; caveator's full knowledge of all facts pertaining to residence of testatrix when said waiver was signed; her knowledge that executrix incurred legitimate expenses in connection with the administration; caveator's request of executrix to make payment of certain items from estate funds; that such payment was made; and consent to the order of the Denver county court.

The defense of res judicata is based on the entry of the judgment of the county court of Denver admitting the will to probate, the same parties being before that court, the same jurisdictional fact being determined by that court, and that two terms of said court were allowed to elapse before any question of residence was raised.

We deem it unnecessary to determine the question of the completeness of all of these defenses separately, or to adjudge whether each is a sufficient or complete defense, because we are of the opinion that the first defense, that of waiver, is good. When the entire proceedings were transferred to Jefferson county, the jurisdictional defect of residence was cured. There is no suggestion of anything improper in the application being made for probate of the will in Denver, or that the caveator was not informed, or that she was under any disability of any kind. We believe that her approval of the acts of the executrix, as shown by the order of the Denver court in transferring the matter to Jefferson county, indicates that the error in determination of residence of testatrix was an honest one. In addition, the prayer of caveator's petition in the Denver court was simply that the proceedings involving the Catherine Wright estate should be certified to Jefferson county and that those instituted in Denver county be dismissed. She did not ask that the order admitting the will to pro-

bate be declared null and void, but, as pointed out, joined in approving the acts of executrix performed under and by virtue of her letters testamentary.

When the proceedings were, at caveator's request, certified to the county court of Jefferson county, and that court upon examining the files found her waiver, there was nothing in the record to change its effect, which was the same as if the proceedings had originally been filed there. Certainly caveator may not take advantage of any legal technicalities resulting from such a situation, where they occurred in proceedings fully concurred in by her. This being true, there is no good reason why the rule announced in *Bigler v. Bigler,* 82 Colo. 463 (260 Pac. 1081), should not apply here. In that case we held specifically, that one of the heirs and legatees having signed a waiver similar to the one in the instant case, could not come in and successfully ask to have set aside the probate of the will.

Earlier expressions by our Court of Appeals and this court on the subject are pertinent.

"Furthermore, we think, and hold, that the jurisdiction of the county court in probate matters, depending upon the residence of the testator or intestate, is one that may be waived by the heirs of intestate, or the heirs and beneficiaries named in the will of testate estates, and that the question of such jurisdiction was waived by the appellant. * * * He voluntarily submitted himself to the jurisdiction of that court and permitted the administration to proceed, without a suggestion that it was not the proper county * * *. The proceedings in the administration of an estate, particularly with reference to the probate of a will, and the determination of claims presented, are analogous to the trial of civil causes on questions of law and fact, and we know of no reason why the uniform ruling of the supreme court and court of appeals of this state, that the place of trial, and the right to have a change is a privilege, and not a vested right, and may be waived, and, if a motion for a change

of venue is not made in apt time, the right, although mandatory, is waived, should not apply with equal or greater force. *Miller v. Weston,* 25 Colo. App. 231, 239, 240, 138 Pac. 424.

"This is a proceeding to review the judgment of the court of appeals, *Miller v. Weston,* 25 Colo. App. 231, 138 Pac. 424. Upon a careful consideration of the record, briefs and arguments presented, we have reached the conclusion that the exhaustive and learned opinion in that case is a clear and correct statement of law. The opinion is therefore approved and adopted as the opinion of this court." *Miller v. Weston,* 61 Colo. 588, 157 Pac. 1161.

Counsel for caveatrix, in his attempt to escape this pronouncement of the law on the question of waiver, seeks to distinguish the facts in the instant case from those in the one just cited. But we are not persuaded. Certainly caveator's conduct was sufficiently similar to that of the caveator in the Bigler case, supra, and in this Weston case, to render applicable here the law announced in those cases, and our conclusion, therefore, is that the judgment of the district court was right.

Judgment affirmed.

MR. JUSTICE HILLIARD and MR. JUSTICE HOLLAND dissent.