Greig J. Chambers, Plaintiff-Appellee, v. James Palaggi, Anthony Calace, and City of Chicago, a Municipal Corporation, Defendants, City of Chicago, a Municipal Corporation, Appellant.

Gen. Nos. 51,867, 51,285.

First District, Second Division.

October 20, 1967.

Raymond F. Simon, Corporation Counsel, of Chicago (Sydney R. Drebin, Marvin E. Aspen, and Ronald S. Cope, Assistant Corporation Counsel, of counsel), for appellant.

Miller, Gorham, Wescott & Adams, of Chicago (John F. Arnold, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Greig J. Chambers, a minor, by his next friend, brought an action against the City of Chicago and two individual defendants, James Palaggi and Anthony Calace, for personal injuries occasioned by the alleged negligence of the defendants in the operation of a truck. In accordance with a jury verdict, a judgment was entered against defendants for $30,000. The court denied the City's post-trial motion for a judgment notwithstanding the verdict, and in the alternative, a new trial. The City appeals.

The City's post-trial motion was denied on December 2, 1965. Notice of Appeal was not filed until January 6, 1966. Thus, the Notice of Appeal was filed within

sixty (60) days after the judgment became final. As a precautionary step the City also filed a Petition For Leave To Appeal (on November 30, 1966). There is no dispute about the right of the City to prosecute its appeal. In order to avoid confusion we have consolidated the Appeal and the Petition For Leave To Appeal. The title of the case has been changed to reflect the fact that plaintiff has reached his majority.

On September 26, 1957, plaintiff, who was thirteen years of age, emerged from behind a standing automobile at the intersection of Peoria Street, 88th Street and Vincennes Avenue, in Chicago. He was injured by a truck driven by Anthony Calace. The truck driver said the boy came from behind a standing automobile and was on top of him before he knew it. The boy said he first saw the truck when it was 47 feet away and he froze. There was a conflict of testimony as to whether he was walking or riding a bicycle. Admittedly, the boy could not see over the standing automobile while he was behind it.

The truck was owned by James Palaggi, who had entered into a truck rental agreement with the City, wherein he agreed to provide a truck service including a competent driver and his pay, all fuel, grease, oil, maintenance, repairs, licenses, permits, insurance, or other items of expense or equipment necessary to render a complete trucking service. In June 1957 Palaggi hired Calace to drive the truck. Palaggi provided his own gas and oil; the truck was repaired at private garages; Palaggi paid Calace to drive the truck; and Palaggi instructed Calace to park the truck near Calace's home after finishing the job for the day. Palaggi testified that if the truck did not function he would have to provide a different truck. The truck was loaded by the City's laborers and Calace would drive it to where the City's foreman directed him, but he could take any route he

wanted and no one from the City supervised his driving of the truck. Calace had delivered materials and tools to two locations the day of the occurrence, 102nd and Racine and 95th and Western. He picked up the load in the morning at 75th and Western, the City Yard. At the time of the mishap he was returning home from the job at 95th and Vincennes Avenue.

The contract between Palaggi and the City, which was introduced into evidence over the City's objection, required that Palaggi maintain public liability and property damage insurance. Plaintiff, over the City's objection, was allowed to show the jury that the contract required Palaggi to maintain insurance. He was also permitted, over objection, to elicit testimony that the insurance had been canceled prior to the occurrence and to introduce the notice of cancellation. Palaggi did not inform the City that the insurance had been canceled. The insurance was in effect at the time the rental agreement was made with the City. Plaintiff's counsel was permitted to argue to the jury that the failure to maintain insurance was a factor in determining liability. After plaintiff rested he was permitted, over objection, to amend his complaint to state that the defendants, including the City, negligently permitted the truck to be driven upon the public highway in the area of the occurrence without having on file and in effect a good and sufficient indemnity bond or insurance policy as required by section 17 of the Illinois Motor Carrier of Property Act.

Over the City's objection the court instructed the jury about the statutory provision that a contract carrier have on file with the Illinois Commerce Commission and in effect good and sufficient liability insurance policies and that "if you decide that a party or the parties violated the statute on the occasion in question, then you may consider that fact together with all other facts and circumstances in evidence in determining whether or not

the parties were negligent before and at the time of the occurrence."

■ ■ The first point advanced by the City is that Palaggi's failure to maintain insurance was not a proper basis for finding the City negligent. We agree. Palaggi had entered into an agreement with the City to provide truck service. He was required to maintain public liability and property damage insurance. After he entered into the contract but before the injury to the plaintiff his insurance was canceled. Palaggi did not inform the City of this fact. The failure to have insurance was neither an immediate cause nor a remote cause of plaintiff's injury. It was not within the province of the jury to determine whether the statute was applicable to the case at bar. This was the function of the court. The failure of the City to enforce the Illinois Motor Carrier of Property Act against Palaggi does not make the City liable to the plaintiff for his personal injury. The failure of a municipality to enforce the provisions of a statute or ordinance does not subject that municipality to an action for damages. Adamczyk v. Zambelli, 25 Ill App2d 121, 166 NE2d 93; Locigno v. City of Chicago, 32 Ill App2d 412, 178 NE2d 124. The contract between the City and Palaggi whereby the latter agreed to provide the City with trucking service requires Palaggi and not the City to maintain insurance. The introduction into evidence as an element in the case of the provision for insurance and the instruction to the jury to the same effect constitute reversible error.

■ The City urges that the driver of the truck was not its employee and therefore it cannot be held liable for his acts at the time of the occurrence. Palaggi entered into a truck rental agreement with the City whereby he agreed to provide truck service, including a competent driver and his pay, all fuel, grease, oil, maintenance, repairs, licenses, permits, insurance, and other items of

equipment necessary to render a complete trucking service. Palaggi provided his own gas and oil. He hired and paid Calace to drive the truck. He instructed Calace to park the truck near Calace's home after finishing the job for the day. If the truck did not function Palaggi would have had to provide a different truck. At the time of the accident Calace was on his way home from work. He was not at that time engaged in any activity for the City. At the time of the accident Calace was acting under the instruction of his employer, Palaggi. We think that the court should have directed a verdict for the City.

■ Plaintiff states that the City is not in a position to contend that Calace was not its agent or servant because its answer consisted of general denials which were evasive and did not fairly answer the substance of the allegations denied as required by section 40 of the Civil Practice Act. The plaintiff maintains that the City in effect admitted that the driver of the truck was its agent. Section 42(3) of this Act states that all defects in pleadings, either in form or in substance not objected to in the trial court are waived. Plaintiff did not question the propriety of the answer in the trial court. The case was tried and the jury instructed on the basis that there was an issue as to whether at the time of the occurrence Calace was in the employ of the City. Plaintiff is not in a position at this time to assert that the City admitted in its pleadings that Calace was its servant at the time of the occurrence.

For these reasons the judgment against the City of Chicago is reversed and the cause remanded with directions to enter judgment notwithstanding the verdict for the City of Chicago and against plaintiff.

Judgment against City of Chicago reversed and cause remanded with directions.

LYONS, P. J. and BRYANT, J., concur.