CLARENCE SHAW, Admr. *et al.*, Plaintiffs-Appellants, *v.* THE CITY OF WHITE HALL, *et al.*, Defendants-Appellees.

(No. 69-177;

Fifth District—October 26, 1971.

Pratt, Mosele, Cohn & Day, of East Alton, (Victor B. Stutsman, of Counsel,) for appellant.

Walker & Williams, of East St. Louis, (David B. Stutsman, of counsel,) for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is a suit for personal injury and wrongful death against five separate defendants including the City of White Hall. White Hall is a municipal corporation located in Greene County. All the other defendants are residents of Greene County. The accident sued upon occurred in Greene County. Suit was filed in Madison County. Madison County was a proper venue for all defendants other than the City of White Hall, because one of the defendants, to-wit: Gulf, Mobile & Ohio Railroad Company did business in Madison County and thus was also a resident of Madison County. Ill. Rev. Stat. 1969, ch. 110, par. 5.

The City of White Hall objected to venue in Madison County pursuant to ch. 110, sec. 7, Ill. Rev'd. Stat., which provides that a municipal corporation must be sued in the county in which it is located. The City's motion and supporting affidavit recited that Greene County and not Madison County, was the proper venue for a suit against the City. A hearing was held on this motion. The plaintiff argued that section. 5 of the Practice Act took priority over section. 7, and that since there were other defendants who could properly be sued in Madison County, that county was the proper venue for all defendants. The trial court determined, however, that Madison County was not the proper venue for a suit against the City, and gave the plaintiff the option of either transferring venue to Greene County or dismissing the City of White Hall. Plaintiff's attorney advised the Court that he preferred dismissal to change of venue, and the Court directed that an order be prepared accordingly.

The order entered on August 1, 1969, recites the plaintiffs' position in the trial court, to-wit: "that venue is properly fixed in Madison County because of the multiple defendant situation in which at least one of the other defendants is doing business in Madison County, and therefore is properly fixed against all defendants in Madison County, pursuant to sections 5 and 9 of chapter 110, Illinois Revised Statutes". The order further recites that the court found against the plaintiffs on this issue, "and finds that Section 7, Chapter 110, Illinois Revised Statutes, is mandatory in its application, and that since this accident occurred in Greene County, and since the plaintiffs reside in Greene County, and since the defendant City of White Hall is located in Greene County, and since suit could be

properly filed against all the defendants herein in Greene County, that venue should either be transferred to Greene County or said defendant's motion should be allowed".

The Court then confirmed in its order the plaintiffs' election not to transfer venue but to suffer a dismissal by reciting, "The plaintiffs have elected not to transfer to Greene County, the said motion will be allowed".

Shortly following the entry of said order, the plaintiffs filed a "Motion to Reconsider" in which they in no way attacked the factual findings in the court order and in no way contended that a proper motion for change of venue had not been filed, but rather restated their position in opposition to said motion, to-wit: that section 7 of chapter 110 does not apply to a multiple defendant situation in which one or more of the other defendants is properly sued in that county. This motion was denied.

Thereafter, the plaintiffs filed their notice of appeal and after that, a second motion to reconsider. It was not until this second motion to reconsider that plaintiffs first took the position that White Hall's "Motion to Dismiss" was not a proper objection to venue within the meaning of section 7. This second motion to reconsider, however, was stricken for the reason that the plaintiffs' appeal had already been perfected and the trial court had lost jurisdiction.

On appeal, appellants urge the single point that the City of White Hall failed to make a proper motion to transfer to a proper venue pursuant to Ch. 110 § 8(2), Ill. Rev'd. Stat. The City of White Hall has moved in this Court that the appeal be dismissed on numerous grounds including, that the basis appellant urges on appeal for reversal of the trial court's ruling, was never presented before the trial court and is raised for the first time on appeal; which motion we have taken with the case.

■■ Parties on appeal are restricted to the theory on which the cause was tried in the court below (*Hux v. Raben,* 38 Ill.2d 223, 230 N.E.2d 831; *J. & R. Electric Co. v. Allison Co.,* 125 Ill.App.2d 123, 260 N.E.2d 755); they cannot here assume a position or attitude inconsistent with that assumed in the trial court. (*Wennersten v. Sanitary Dist. of Chicago,* 274 Ill. 189, 113 N.E. 148; *Lyles v. Stanford,* 3 Ill.App.2d 113, 120 N.E.2d 238.) Parties cannot acquiesce in a theory in the trial court and here urge that the theory was erroneous or an improper means of proceedings. *Tarzian v. West Bend Mutual Fire Ins. Co.,* 74 Ill.App.2d 314, 221 N.E.2d 293; *Chambers v. Palaggi,* 88 Ill.App.2d 221, 232 N.E.2d 69.

We therefore dismiss the appeal.

Appeal dismissed.

CREBS and JONES, JJ., concur.