ILLINOIS LEGISLATIVE INVESTIGATING COMMISSION, Petitioner-Appellant, *v.* ROY DANIEL MARKHAM *et al.*, Respondents-Appellees.

First District (5th Division)    Nos. 76-163 through 76-167 cons.

Opinion filed August 12, 1977.

William P. White, III, of Chicago, for appellant.

Louis Carbonaro, of Carbonaro & Carbonaro, of Chicago, for appellee Herbert Mosky.

Mr. JUSTICE MEJDA delivered the opinion of the court:

This appeal arises out of petitions brought by the Executive Director of the Illinois Legislative Investigating Commission (Commission) to the circuit court of Cook County. The petitions sought a grant of immunity to each of the named respondents under section 15 of the Illinois Legislative Investigating Commission Act (Ill. Rev. Stat. 1975, ch. 63, par. 315) in order to compel their testimony before the Commission. The trial court granted the petitions; however, the Commission appeals contending that in so doing the trial court impermissibly restricted the scope of the Commission's investigatory powers under section 15 of its enabling act. Thus, the Commission contends that the sole question on appeal is the scope of its immunity as petitioned for under section 15.

We dismiss the appeal. The pertinent facts follow.

On December 17, 1973, the Commission unanimously adopted a resolution authorizing investigation of the criminal redistribution of stolen property. In furtherance thereof, respondents were called in September of 1975 to testify before the Commission. Respondents appeared as commanded but invoked the fifth amendment privilege against self-incrimination in refusing to answer questions posed to them individually by the Commission.

On September 29, 1975, the Commission authorized its Executive Director to petition the circuit court of Cook County to compel respondents to answer questions posed by the Commission and to grant respondents immunity for such compelled testimony. Such petitions were filed, pursuant to section 15 of the Commission's enabling act, which reads:

> "§15. In any examination by or hearing before the Commission, if a person refuses to answer a question or produce evidence of any other kind on the ground that he may be incriminated thereby, and if the Chairman or the Executive Director, in writing, requests a Circuit Court of the State to order that person to answer the

question or produce the evidence, the court shall so order unless it finds that to do so would be contrary to the public interest, and that person shall comply with the order. After complying, and if, but for this Section, he would have been privileged to withhold the answer given or the evidence produced by him, that person shall not be prosecuted for or on account of any transaction, matter or thing concerned which, in accordance with the order, he gave answer or produced evidence. He may, nevertheless, be prosecuted or subjected to penalty or forfeiture for any perjury or contempt committed in answering, or failing to answer, or in producing or failing to produce, evidence in accordance with the order. The court shall not order any such person to testify or produce evidence if it reasonably appears to the court that such testimony or evidence, documentary or otherwise, would subject such witness to an indictment, information or prosecution (except for perjury committed in the giving of such testimony or the producing of such evidence) under the laws of another State or of the United States."

A hearing was held on November 21, 1975, on the Commission's petitions. The court ruled that the respondents should appear and answer questions before the Commission, indicating that the questions propounded should conform to the strictures of section 15 and further indicating that in the event a dispute should arise concerning any particular question, then the court would "probably have to decide" whether such a question was proper.

On December 12, 1975, the trial court entered orders pursuant to the petitions of the Commission. The Commission filed a notice of appeal. On February 13, 1976, respondents filed a motion to dismiss the appeal which was ordered taken with the case.

OPINION

We have determined that respondents' motion to dismiss this appeal should be granted. The December 12 orders entered by the trial court require respondents to appear before the Commission and answer questions pursuant to section 15. As to each individual respondent the order is identical, and reads in pertinent part as follows:

"THEREFORE, the petition herein is allowed and [respondent] is hereby released from all liability to be prosecuted or punished under the laws of Illinois, or any other State, or the United States, on account of any transaction, matter, or thing concerning that which he may be required to testify or produce evidence, documentary or otherwise, in the above-entitled hearings before the Illinois Legislative Investigating Commission or any other

> proceedings, legislative, judicial, or administrative arising therefrom, except for perjury or contempt of court by said [respondent] during public hearings or any subsequent proceedings in the same matter. The Court does further hereby order said [respondent] to be and appear before the said Commission at such date and place as the said Commission shall designate in writing mailed to the said [respondent] at his last known place of residence not less than five days before the date set for such appearance and to then and there answer the questions propounded to him."

Nothing appears in the orders of the court which in any way restricts the scope of the questions which the Commission may ask respondents. In our view the Commission obtained the full relief which it requested.

The Commission concedes that it received the orders which it originally proposed to the court. It argues, however, that the court, during the November 21 hearing, placed certain restrictions on its orders which the Commission cannot disregard. It contends that the court "ruled that the Commission is limited in its questioning of respondents to areas related solely to Illinois transactions which could not subject the respondents to prosecution under the laws of another State or of the United States." Such a restriction, it is alleged, would effectively terminate the Commission's investigation, as it relates to these particular respondents, since questions concerning the criminal redistribution of stolen property necessarily involve other jurisdictions and cannot be isolated into "solely" Illinois transactions.

In response, we note that, as stated above, no such restriction appears on the face of the orders entered by the trial court. Furthermore, we have reviewed the record thoroughly and can find no such restrictions imposed by the court during the November 21 hearing.

During the hearing the court expressed certain views and questions concerning the scope of the immunity grant to respondents. The court emphasized that the immunity grant should at least be co-extensive with respondents' fifth amendment rights. Thus, the court stated:

> "I would suggest that any questions which may be propounded which may subject the Respondents to prosecution by any State [other than Illinois] shall be expunged from your line of questioning."

The court reiterated this suggestion, and then stated:

> "In the event that the immunity did give them that protection, I would say that would be adequate and they would have to answer that question, insofar as the State is concerned."

We believe that upon a fair reading of this record the suggestions and comments expressed by the trial court do not restrict its final order. The

Commission is free to ask whatever questions it will under this order, as long as it does not infringe upon respondents' fifth amendment rights. It is the Commission's apparent position that, in light of United States Supreme Court decisions concerning "use" immunity and the scope of the fifth amendment privilege, any questions could properly be asked respondents under a grant of immunity without subjecting them to prosecution in another jurisdiction (citing, *e.g., Kastigar v. United States* (1972), 406 U.S. 441, 32 L. Ed. 2d 212, 92 S. Ct. 1653; *Murphy v. Waterfront Com.* (1964), 378 U.S. 52, 12 L. Ed. 2d 678, 84 S. Ct. 1594; *Malloy v. Hogan* (1964), 378 U.S. 1, 12 L. Ed. 2d 653, 84 S. Ct. 1489). While we express no opinion concerning this issue, the Commission is free under the court's order to act in a manner consistent with its belief and pose any questions it desires in furthering its investigation. To the extent any of respondents should refuse to answer any questions, then the Commission can test its position by instituting contempt proceedings, in which the propriety of the questions not answered under the immunity grant would be determined. Until such time as this issue is ruled upon by a trial court, however, we may not consider it. Any pronouncements at this time by this court would be improper and premature.

■■ Since we find that the Commission's requested relief has been fully allowed in the instant case, we conclude that we must dismiss the appeal. A party may not appeal from a judgment granting him full relief. (*Bullman v. Cooper* (1936), 362 Ill. 469, 200 N.E. 173; *McDonald v. Shimeall* (1917), 282 Ill. 42, 118 N.E. 399; *Highsmith v. Allstate Insurance Co.* (1974), 17 Ill. App. 3d 615, 308 N.E.2d 204; *In re Estate of Trapani* (1959), 21 Ill. App. 2d 19, 157 N.E.2d 83. See also Annot., 69 A.L.R. 2d 701 (1960).) Since the Commission was not adversely affected by the court's orders, in that no restrictions were imposed thereon, it has no appealable interest in this case. See *Illinois Bell Telephone Co. v. Illinois Commerce Com.* (1953), 414 Ill. 275, 111 N.E.2d 329.

We recognize that a small number of cases in Illinois have stated that parties of record may appeal if they consider themselves aggrieved by the judgment, and that whether they were actually so aggrieved has no bearing on their right to appeal. (*Vece v. De Biase* (1964), 31 Ill. 2d 542, 202 N.E.2d 482; *Arndt v. Arndt* (1948), 399 Ill. 490, 78 N.E.2d 272; *Harrison v. Kamp* (1946), 395 Ill. 11, 69 N.E.2d 261.) However, we note that in the latter two cases the court went on to indicate that the appellants had not been granted the specific relief requested in their complaints, and in the other (*Vece v. De Biase*) the court noted that the executor-appellant had had an additional, if minimal, duty imposed on him by the trial court's order, and he could, therefore, properly appeal. In the instant case, however, the Commission was granted exactly what it sought. Thus, we would consider this line of cases inapposite to the case at bar.

██ We would also note that in the instant case, unlike those cited above, there is no further relief which this court may grant the Commission. The trial court's order has no need for modification. It grants the Commission full relief in the exact words proposed by the Commission itself. Any comments by this court could only be aimed at the manner or scope of questions which could be asked by the Commission, and a construction of the immunity provisions of section 15. Commentary in this regard, as indicated above, would be improper since neither issue was passed upon by the trial court. Indeed, the scope and propriety of the Commission's questions may never become a contested issue since respondents may choose to answer all questions posed to them. Any appeal concerning this issue, therefore, is clearly premature at this time.

For the foregoing reasons this appeal is dismissed.

*Appeal dismissed.*

SULLIVAN, P. J., and LORENZ, J., concur.