*In re* MARRIAGE OF PATRICIA MELTON, Petitioner-Appellant, and DONALD MELTON, Respondent-Appellee.

Fourth District No. 16415

Opinion filed February 18, 1981.

Gary B. Krueger, of Springfield, for appellant.

Edward G. Coleman, of Springfield, for appellee.

Mr. JUSTICE MILLS delivered the opinion of the court:
Petitioner filed for a divorce and got it.
Now she wants it voided and nullified.
She can't do it.
She got exactly what she asked for.
We affirm.

Petitioner-wife filed a motion to vacate a judgment of dissolution. The motion asserted that the trial court abused its discretion in denying her motion for continuance; that she did not in fact enter into the property settlement agreement upon which the judgment was based; that the court erred in not holding a bifurcated hearing on the question of property disposition; that the judgment was defective on its face; and, that the judgment was invalid since there was no evidence presented concerning grounds for the dissolution.

A docket entry shows that a hearing was conducted on May 15, 1980. Petitioner's motion *in limine* was allowed and both sides were given 14 days to submit additional authority. A docket entry for May 30, 1980, states:

> "Motion to set aside judgment of dissolution denied. No evidence having been presented by the petitioner, Patricia Melton, on this motion, the Court believes the Judgment for Dissolution of Marriage was properly entered. The Court further notes that the petitioner by filing her Motion in Limine has prevented the Court from inquiring into the circumstances of the original divorce trial, and the petitioner has failed to sustain her burden."

The petitioner now appeals. Her arguments can generally be divided into three categories. First, she argues that the judgment is void due to

failure to plead or prove the grounds for the dissolution. Second, she asserts that the judgment must be vacated because she never entered into the agreement which served as the basis for the judgment. Finally, she argues that she was denied due process of law because she was not given the opportunity to offer evidence in support of her motion to vacate. These three areas will be examined separately.

## I

In her original complaint, petitioner requested that the court enter a decree of divorce. She alleged that the respondent had been guilty of extreme and repeated mental cruelty. She further alleged that the parties had been separated for over one year through no fault on her part. At the prove-up hearing, petitioner was the only witness to testify, and she testified on her own behalf. Petitioner produced no evidence of mental cruelty but did state that the parties had been separated through no fault on her part. The trial judge orally granted dissolution and in his written order found that the respondent had been guilty of desertion.

On appeal to this court, petitioner now argues that the trial court's order is void: (a) for failure to prove the grounds set forth in the pleadings; (b) for failure to plead grounds on which relief was granted; (c) for failure to prove grounds upon which relief was granted; and (d) for failure to make specific findings. Respondent responds that petitioner is precluded from attacking the judgment because (a) the judgment was a consent decree, and (b) any error was invited. Respondent has also made a motion in this court to conform the pleadings to the proof.

Petitioner's arguments are not viewed with favor by this court. There is something fundamentally awry when a party is allowed to attack a judgment providing her with the relief she requested. Likewise, there is something amiss when a party on appeal attacks the sufficiency of their own case. The absurdity of petitioner's position is perhaps best illustrated by the fact that nowhere has she claimed that she does not desire the divorce. Nowhere does she argue that she desires—or hopes—to resume the state of marriage. Petitioner's attack upon the validity of the judgment will not now be heard.

The scope of judicial review is tempered by a number of procedural rules. Thus we find that a person cannot try his case on one theory in the trial court and on another theory on review. (See *Chambers v. Palaggi* (1967), 88 Ill. App. 2d 221, 232 N.E.2d 69; *Leffers v. Hayes* (1945), 327 Ill. App. 440, 64 N.E.2d 768.) If a party makes an objection for one reason at trial, he cannot raise different reasons for his objection on appeal. (*Richard v. Illinois Bell Telephone Co.* (1978), 66 Ill. App. 3d 825, 383 N.E.2d 1242.) In like manner, the failure of a party to object during the course of trial constitutes a waiver of the objection. (*Bohannon v. Schertz*

(1974), 21 Ill. App. 3d 149, 315 N.E.2d 316.) A court of review will not entertain assignments of errors which the appellant bases on rulings which may be prejudicial or injurious to others but are not so as to him. (*Gordon v. Gordon* (1955), 6 Ill. 2d 572, 129 N.E.2d 706; *Hannas v. Hannas* (1884), 110 Ill. 53.) Finally, a party who has induced the trial court to make an error, or acquiesced in its making or requested that it be made, cannot be heard on appeal to assign that same matter as error. *Martin v. McIntosh* (1976), 37 Ill. App. 3d 526, 346 N.E.2d 450.

Although courts have labeled these rules under the headings of waiver, estoppel, invited error or consent to a decree, all of these rules have a common thread. The purpose for these rules is to promote finality of judicial orders and efficiency in the court system. Most errors precluded by these rules could have in fact been corrected in the trial court had a party properly raised the questions. To a certain extent, the party in whose favor the rules would be applied would be harmed by the absence of these rules. In the instant case, for instance, the respondent would have been able to present evidence on the question of grounds had he felt that petitioner did not in fact believe she had grounds for the dissolution.

With these factors in mind, we hold that the petitioner cannot now contest the sufficiency of her evidence or pleadings on the question of whether grounds for the dissolution existed. (See generally, *Prince v. Atchison, Topeka & Santa Fe Ry. Co.* (1979), 76 Ill. App. 3d 898, 395 N.E.2d 592; *Illinois Legislative Investigating Com. v. Markham* (1977), 52 Ill. App. 3d 105, 367 N.E.2d 192.) A party will not be heard to complain of an order or ruling which is not prejudicial. Petitioner here has not endured any prejudice.

■■ In this case, petitioner tried the case on the theory that she was entitled to a dissolution. At no time, prior to the entry of judgment, did she contest the sufficiency of the evidence of grounds or the allegations in the pleadings. In any event, she obtained exactly what she was seeking by instituting this action—a dissolution of her marriage.

Petitioner is now estopped from raising the questions of the sufficiency of the evidence or the proof as to the grounds for dissolution. Respondent's motion in this court to conform the pleadings to the proof is hereby denied as unnecessary.

II

Petitioner further argues that the judgment must be vacated because she did not in fact enter into the agreement which forms the basis for the decree.

At the prove-up hearing, petitioner testified under oath that she had entered into an agreement with the respondent. As her attorney questioned her concerning the terms of the agreement, she indicated her con-

sent. She further testified that she agreed to waive her right to maintenance. The agreement provided that the marital residence would remain in the petitioner's possession until the minor child reached the age of majority, at which time it was to be sold and the proceeds divided equally. Petitioner interrupted her testimony to question what would happen to the residence if either she or the respondent died prior to the time the residence was sold. Off the top of their heads, petitioner's counsel and the trial court responded that the property would remain in joint tenancy so that the surviving ex-spouse would get the property.

At another point during the hearing, petitioner's counsel interrupted her questioning, apparently to inquire of respondent's counsel as to the disposition of the two automobiles owned by the parties.

After respondent requested the court to enter judgment, petitioner filed an objection on March 13, 1980. In her objection, she asserted that she never signed a complaint for divorce and that when she appeared in court on July 6, 1979, she did not understand that the hearing she was participating in was for the purpose of obtaining a divorce. Furthermore, she stated that she was not informed of the terms of the purported settlement until after the hearing and it was not until that time that she understood that she waived her right to maintenance. She said that at the time of the hearing she was instructed by her attorney to answer his questions and the situation would be explained to her after the hearing. Finally, she stated that she did not in fact agree to the purported settlement as testified to by her in response to questions by her attorney and that she had not then nor on the date of the objection ever seen a copy of the proposed judgment sought to be entered by the respondent.

On March 14, 1980, a hearing was held on respondent's motion. The docket sheet reflects that neither petitioner nor her counsel appeared. The court entered the decree of dissolution.

Petitioner next filed a five-count motion to vacate. In this motion, petitioner argued, *inter alia*, that she did not in fact enter into the agreement.

■■ A hearing was held on petitioner's motion on May 15, 1980. Since we are not presented with either a transcript of proceedings from this hearing or a bystander's report, our inquiry is limited to the record presented on review, which consists of the docket entry for the hearing. (See Supreme Court Rule 323 (73 Ill. 2d R. 323); *Kielminski v. St. Anthony's Hospital* (1979), 68 Ill. App. 3d 407, 386 N.E.2d 326.) The docket entry reflects that the court initially granted petitioner's motion *in limine* to prevent her original attorney, Robert Weiner, from testifying. Both sides were allowed 14 days to submit additional authority.

On May 30, 1980, the trial court entered an order denying petitioner's motion to vacate. As noted above, that entry denied the motion to vacate

the judgment and noted that petitioner produced no evidence on the motion.

■■■ This lengthy recitation of the procedural history reveals that petitioner is now arguing that we should reverse the trial court's denial of the motion to vacate where she presented no evidence in support of her position. The law is well settled that the movant on a motion to vacate carries the burden in the trial court of establishing sufficient grounds to vacate the order. (*Anderson v. Anderson* (1975), 28 Ill. App. 3d 1029, 329 N.E.2d 523.) This burden is especially onerous where a party is attempting to contradict her testimony given under oath. The virtual absence of evidence in support of petitioner's motion to vacate compels us to conclude that the trial court did not abuse its discretion in denying the petitioner's motion to vacate. *Anderson*; *Conley v. Peoples Gas, Light & Coke Co.* (1980), 82 Ill. App. 3d 1094, 403 N.E.2d 625.

The only evidence which could have possibly been before the trial court was the transcript of the prove-up hearing. Petitioner points to her question concerning the status of the residence and her counsel's inquiry on the automobiles as evidence of the fact that she did not actually enter into the agreement. While these transactions could possibly be interpreted as support for petitioner's position, it is just as likely that there are innocent interpretations available. Petitioner's question concerning the status of the residence could merely indicate that she was not aware of the effect of the agreement on every conceivable hypothetical factual situation. This does not mean that she did not in fact enter into the agreement. Likewise, the disposition of the automobiles could have been merely a loose end or a dangling detail. As the trial court correctly concluded, petitioner has failed to meet her burden.

## III

Petitioner's final argument centers around the hearing conducted on the motion to vacate on May 15, 1980. Petitioner now argues she was denied due process of law because the court did not allow her to testify in support of her motion to set aside judgment. The record is, however, devoid of any evidence which would indicate that the trial court did in fact deny the petitioner the opportunity to testify. Petitioner's argument must therefore fail.

The trial court's order denying petitioner's motion to vacate the judgment of dissolution is hereby affirmed. Respondent's motion to conform the pleadings to the proof is hereby denied.

Affirmed.

TRAPP, P. J., and GREEN, J., concur.