**James L. Gardner, Plaintiff-Apellant, v. Village of Chicago Ridge, et al., Defendants-Appellees.**

**Gen. No. 50,509.**

First District, Third Division.

April 28, 1966.

Rehearing denied July 7, 1966.

Richard H. Lucy and James R. Mitchell, of Chicago, for appellant.

Peterson, Lowry, Rall, Barber & Ross, of Chicago (Herbert C. Loth, Jr., Robert J. Wysong and Kenneth A. Knutson, of counsel), for appellees.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

The plaintiff appeals to this court from a final order dismissing his second amended complaint as to the defendant municipalities on their motion. The plaintiff sued the villages of Chicago Ridge and Worth, individual police officers of these two villages, and four other persons, for personal injuries incurred by him.

The facts alleged are: The plaintiff was supervising a teen club dance in a hall in the village of Chicago Ridge on March 8, 1962. Four of the defendants, Skubis, La Valley, Posthuma and Souliotis, entered the club and when they were asked to leave by the plaintiff, the four proceeded to strike and beat the plaintiff. Later in the evening, with the help of information furnished by the plaintiff, the police officers of the villages of Chicago Ridge and Worth apprehended the four suspected attackers on a public highway. One of the Chicago Ridge police officers returned to the dance hall and requested the plaintiff to accompany him to that point on the highway in order that the four defendants might be identified by the plaintiff.

When the plaintiff came to the point of apprehension, the police officers allowed the four defendants to remain in very close proximity to the plaintiff. As a result, the four again attacked the plaintiff, in the presence of the police officers, whereby the plaintiff sustained severe injuries.

The plaintiff sued for $100,000 for injuries sustained, naming as defendants the four attackers, the police officers, and the two municipalities.

In his original complaint the plaintiff included four counts. Count I complained of the negligence of the two villages and their police officers in failing to adequately guard the four persons arrested and in negligently allowing them to beat the plaintiff. Count II was a statu-

375

tory cause of action based upon Illinois Revised Statutes (1963), chap 24, sec 1–4–6. Count III complained that the two villages were guilty of negligence in hiring the police officers knowing that they had no formal training, and in failing to provide them with training once they became police officers. Count IV complained of the four persons who administered the beatings.

The defendant villages moved to strike the original complaint on the ground that the statutory notice had not been pleaded. Plaintiff amended the complaint by attaching the required notice in open court.

The defendant villages individually filed motions to strike the amended complaint and dismiss the action insofar as it pertained to each of them on the ground that the amended complaint failed to state a cause of action against them. These motions were allowed by the trial court as to counts I, II and III. The court also gave leave to the plaintiff to file a second amended complaint against the defendant villages and the police officers.

The second amended complaint recited facts not given in the amended complaint and set forth the acts of negligence specified in Count I of the original complaint. Significantly, the plaintiff did not include a statutory cause of action in his second amended complaint. The second amended complaint was dismissed on motion as to the defendant municipalities. The plaintiff appeals from this order.

The theory of the plaintiff is that the second amended complaint stated a good cause of action against the defendant municipalities for their negligent failure to take precautions reasonably necessary for the protection of the plaintiff after he had reported the commission of a crime and had been summoned by the police officers to the place of apprehension in order to make an identification; as a result of this negligence the plaintiff was severely injured when he was attacked and beaten in the presence of the defendant police officers.

██ Plaintiff also urges on appeal that chapter 24, section 1-4-6, of the Illinois Revised Statutes (1963), is controlling in the case at bar. We do not have to decide the applicability of this statute since this cause of action was not included in the second amended complaint which was filed by the plaintiff. The order appealed from struck the second amended complaint and dismissed the action as to the municipalities. An amendment which is complete in itself, and does not refer to, or adopt, the prior pleadings, supersedes it and the prior pleading ceases to be a part of the record, being in effect abandoned, or withdrawn. (ILP, vol 30, Pleading, sec 113; People ex rel. Nelson v. Central Mfg. Dist. Bank, 306 Ill App 15, 28 NE2d 154.) In the instant case, since the plaintiff failed to include the statutory cause of action in his second amended complaint, he has abandoned this theory and must base his action on the common law theory of negligence.

██ The plaintiff in his brief has argued at length that since the decision in Molitor v. Kaneland Community Unit Dist. No. 302, 18 Ill2d 11, 163 NE2d 89, which held that municipal corporations are liable for the negligent acts of their agents, there is a direct right of action against municipalities for their torts. The defendant villages do not challenge the above statement. The defendant villages have stated in their brief:

> "Plaintiff apparently believes that the defendant municipalities challenge direct right of action against the villages. Of course, these defendants make no such challenge. Nor do these defendants doubt for a moment that a city may be directly liable for the tortious acts of its police officers. Plaintiff cites many cases confirming such a liability."

However, the villages do contend that they are not liable for the failure of their police officers to prevent the torts and illegal acts of other persons. In support of

377

this contention they cite the case of Adamczyk v. Zambelli, 25 Ill App2d 121, 166 NE2d 93. There two policemen failed to stop the unlawful explosion of fireworks from a truck during a parade on the city streets. The annual parade was sponsored by a religious society under a city permit. A statue was carried on a float, the truck upon which the fireworks were carried was driven close behind the float, and at various points fireworks were exploded therefrom. Two city policemen were assigned to the parade as guards. A twelve-year-old boy was injured by a piece of shrapnel from one of the fireworks explosions.

The trial court directed a verdict for the municipality which was affirmed by this court because there was no evidence that the policemen aided, abetted, or assisted in the explosion of the fireworks. The court stated: "A municipality is not liable in tort for the failure of its policemen to prevent and stop others from violating the law."

■■ Generally this statement is correct. A municipality is not liable for failing to prevent the tortious or unlawful acts of others. However, this statement does not apply to cases where there is a duty owed by the police to an individual. We feel that this is such a case and the decision of the trial court dismissing the defendant municipalities must be reversed.

■■ The boy who was injured in Adamczyk, supra, was a member of the general public; as such, the police owed him no special duty. They were not liable to him for failing to prevent others from violating the law. In the instant case, the police officers did owe a duty to the plaintiff. The plaintiff was asked by one of the police officers to accompany him to identify the four suspects at the side of a highway where they had been apprehended. The suspects were in the custody of the police. Yet, they proceeded to beat the plaintiff. Clearly under the facts as alleged in the complaint the police were negligent in failing to restrain the defendants from beating

378

the plaintiff. Once the police asked the plaintiff to come to the place of apprehension, they owed him a duty to protect him and this duty cannot be avoided.

In the case of Schuster v. City of New York, 5 NY2d 75, 154 NE2d 534, plaintiff's intestate had been shot and killed after having supplied the police with information that led to the arrest of a known criminal. The intestate's role in the arrest had received wide publicity and he had received threats upon his life which he had reported to the police. When shot, he was without police protection. The Court of Appeals reversed the courts below which held that there was no cause of action. After noting that municipalities had frequently been held liable for the negligence of police officers engaged in law enforcement or closely related activities, the court held that where a municipality uses a private person in making an arrest, it owes a duty to that person to furnish protection to him. The court noted that where public authorities have made use of a private person, the authorities are not merely passive, but they are active in calling for a person's help and in using it when rendered. As such, a duty exists to protect that person.

The holding in Schuster, supra, actually goes further than the position for which the plaintiff in the instant case contends. There the person was shot several weeks after the arrest; plaintiff here sustained injuries within a short time after the suspects were apprehended and in the presence of the police officers. Schuster was killed while pursuing his own business; plaintiff here was injured after he had appeared at the express request of the police to identify the suspected assailants.

■ The defendant villages contend that liability attaches only in cases of actual misfeasance, and not in cases of nonfeasance. They assert that since the beatings were administered by four individuals, an act of misfeasance, the villages cannot be liable for the failure of the police officers to prevent these torts, an act of non-

379

feasance. This is untenable. As we have previously pointed out, the police owed a duty to the plaintiff. The plaintiff was called into a position of peril by the police who allegedly knew that defendant Souliotis had previously been arrested in a tavern fight and had a violent temper and was capable of physical violence. They therefore assumed a duty to exercise reasonable care to protect him against injury from the suspected persons. This duty then also became the obligation of the municipalities, since the police officers were acting as agents of the municipalities and within the scope of their authority.

We conclude that under the circumstances here presented, the police had a duty to exercise reasonable care for the safety of the plaintiff, and that as a result of their negligence in failing to perform that duty, the plaintiff was injured. For the above reasons, the order striking the second amended complaint and dismissing the action as to the villages of Chicago Ridge and Worth is reversed and the cause is remanded.

Reversed and remanded.

SCHWARTZ and DEMPSEY, JJ., concur.