(No. 43104.—

TERRY STIGLER, Appellant, *vs.* THE CITY OF CHICAGO, Appellee.

*Opinion filed March 16, 1971.*

RAYMOND P. CONCANNON, of MILLER and CONCAN-
NON, of Chicago, for appellant.

RICHARD L. CURRY, Corporation Counsel, (MARVIN E.
ASPEN and GAYLE F. HAGLUND, Assistants Corporation
Counsel, of counsel,) for appellee.

Mr. JUSTICE DAVIS delivered the opinion of the court:

The plaintiff, a year-old minor child, resided with his
family in a privately-owned apartment located in the City
of Chicago. The complaint alleged that the building where
the apartment was located was in a deteriorative condition,
and that the walls had been covered with a paint, analyzed
as containing a high level of lead, which tended to fall from
the walls in flakes. The complaint further alleged that the
plaintiff, on or about July 14, 1966, ingested quantities of
this paint causing injuries to him, and that the defendant,
City of Chicago, was liable.

The city moved to dismiss the complaint on the ground
that it was immune from suit by virtue of sections 2—103
and 2—105 of the Local Governmental and Governmental
Employees Tort Immunity Act (Ill. Rev. Stat. 1965, ch. 85,
pars. 2—103, 2—105). The circuit court of Cook County
dismissed the complaint and the plaintiff appealed to this
court, and contends that the Tort Immunity Act is inappli-
cable to this action, or in the alternative, that if it is ap-
plicable, then said Act is unconstitutional in that it denied
the plaintiff due process and equal protection of the laws.

As we have indicated, the apartment in which the plain-
tiff lived was not owned by the City of Chicago. The com-
plaint alleged, however, that the city was negligent in fail-

ing to enforce the provisions of its Housing Code. The defendant's motion to dismiss was based upon the following provisions of the Tort Immunity Act, which the plaintiff contends are unconstitutional:

"§ 2—103. A local public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law.

\* \* \*

"§ 2—105. A local public entity is not liable for injury caused by its failure to make an inspection, or by reason of making an inadequate or negligent inspection, of any property, other than its own, to determine whether the property complies with or violates any enactment or contains or constitutes a hazard to health or safety."

Even though we acquired jurisdiction of the case because a constitutional question was involved, we will consider that question only when necessary for the determination of the case. (*Anundson* v. *City of Chicago,* 44 Ill.2d 491, 499; *Howard* v. *Lawton,* 22 Ill.2d 331, 334; *Osborn* v. *Village of River Forest,* 21 Ill.2d 246, 249, 250.) We find it unnecessary to the disposition of this case to consider the constitutionality of the cited sections of the Tort Immunity Act.

As evidenced by the complaint and argument on this appeal, the plaintiff predicated the defendant's negligence on its failure to enforce section 78—17.2(d) of its Housing Code. The plaintiff argues that "whatever is the legal situation where a government body or municipality fails to enact an appropriate ordinance, it is clear that once legislation is enacted, the government agency has duties in carrying out the legislation, the breach of which is actionable." Without determining the validity of this contention with reference to section 78—17.2(d) (see: *Keane* v. *City of Chicago,* 98 Ill. App. 2d 460, 463; *Chambers* v. *Palaggi,* 88 Ill. App. 2d 221, 225; *Adamczyk* v. *Zambelli,* 25 Ill. App. 2d 121, 127, 128), we believe the plaintiff is confronted with the thres-

hold question of the applicability of the allegedly "appropriate ordinance."

The plaintiff quotes section 78—17.2 as providing, in part:

"B. Housing Code of Chicago

"78—17.2 Every floor, interior wall, and ceiling shall be adequately protected against the passage of rodents, and shall be kept in sound condition and good repair, and further

\*     \*     \*

"(d) All interior walls, ceilings and interior woodwork shall be free of flaking, peeling, chipped or loose paint, plaster or structural material. If, upon inspection by the Commissioner of Buildings, or his duly authorized representative, there is found the presence of flaking, peeling, chipped or loose paint, plaster or structural material in any building being used for housing, the Commissioner of Buildings, or his duly authorized representative, is hereby empowered to secure specimens of flaking, peeling, chipped or loose paint, plaster or structural material and to analyze or cause an analysis to be made determining whether or not the materials contained lead or its compounds.

In any case, where analysis reveals the presence of lead or its compounds in a quantity of more than 1 percent, or in a quantity sufficient to be a hazard to health and safety to the occupants of the family unit, the Commissioner of Buildings shall order the owner or his agent to remove all materials containing lead compounds or cover such surfaces with an acceptable covering having a flame spread rating not to exceed 15. All covering shall be securely attached to a smooth and sound surface."

The defendant points out that this ordinance was not adopted until October 9, 1968, and became effective January 1, 1969. The plaintiff was injured July 14, 1966. Thus,

section 78—17.2(d) of the Housing Code, the ordinance empowering the city to compel the removal of materials containing a certain percentage of lead compounds, if and when found upon inspection, was not enacted until long after the injury to the plaintiff. Since this section of the Housing Code was not in force at the time of the injury, we cannot accept the plaintiff's contention that the failure of the city to enforce such ordinance exposed it to liability. Legislative enactments are, in the absence of express language which provides otherwise, construed as prospective and not retrospective. (*People ex rel. Schmidt* v. *Yerger*, 21 Ill.2d 338, 344, 345; *Friedman* v. *City of Chicago*, 374 Ill. 545, 550; 34 I.L.P., pp. 154, 155.) Section 78—17.2(d) of the Housing Code is a legislative enactment and it contains no language which indicates that it should be retroactive in its application.

The complaint also specified as part of its negligence charge, that the city "Failed to enforce Section 78—20 of Housing Code relative to good repair and habitable conditions of common stairway, exterior halls and living areas." This section of the Code was in effect July 14, 1966, the date on which the plaintiff was injured. It appears from the complaint, brief and argument of the plaintiff, that his cause of action was not based on the failure of the city to enforce this enactment, but rather its failure to enforce section 78—17.2(d) of the Code. However, regardless of this circumstance, we will consider the allegation that the city was negligent in failing to enforce section 78—20.

This ordinance was enacted to benefit the public health and safety of the people of the city. Its enforcement was a governmental function rather than a ministerial or proprietary act. The ordinance did not give rise to any special duty to the plaintiff or to any particular person different from the public at large. (See: *Gardner* v. *Village of Chicago Ridge*, 71 Ill. App. 2d 373.) If the failure of the city to enforce this ordinance should render it liable for injuries sustained

thereby, the tremendous exposure to liability would certainly dissuade the city from enacting ordinances designed for the protection and welfare of the general public, and thereby the general public would lose the benefit of salutary legislative enactments.

Under the adjudicated cases in Illinois, *Huey* v. *Town of Cicero,* 41 Ill.2d 361, 363; *Keane* v. *City of Chicago,* 98 Ill. App. 2d 460, 462; *Chambers* v. *Palaggi,* 88 Ill. App. 2d 221, 225; *Adamczyk* v. *Zambelli,* 25 Ill. App. 2d 121, 127, 128, the city was not liable for failing to enforce the ordinance here in question, and in the absence of any statutory imposition of liability, the complaint did not state a cause of action. The injury occurred on private property, and if the plaintiff has a cause of action, it should be asserted against the party who violated the ordinance.

While the motion to dismiss the complaint was grounded on sections 2—103 and 2—105 of the Tort Immunity Act, the order of dismissal failed to specify the basis for its entry. However, the real issue on appeal is whether the order was correct and not the reasoning of the trial court or the grounds for the order. *Platz* v. *Walk,* 3 Ill.2d 313, 318.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*