18

CHRISTOPHER GILLAN, a minor, by TOM C. GILLAN, father and next friend, *et al.*, Plaintiffs-Appellants, *v.* ERNEST G. HANNA *et al.*, Defendants-Appellees.

(No. 55489; )

First District—May 19, 1972.

Eklund & Eklund, of Chicago, (Donald L. Johnson, of counsel,) for appellants.

Frank Glazer, of Chicago, (William T. Cormack, of counsel,) for appellees.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

Plaintiff, a minor, by his father and next friend, appeals from an order dismissing his complaint against defendant James Baran, police officer, and the Village of Palatine for failure to state a cause of action as to them. The complaint was not dismissed as to defendant Hanna, and no question has been raised as to the sufficiency of the complaint as to him on the charge of either negligence or wilful and wanton conduct.

The complaint alleges that on September 22, 1969, plaintiff was playing on or near the lawn of his home at 225 South Rohlwing Road, Palatine. The lawn was bordered by a parking lot provided for residents and guests of that address. In furtherance of his duties and in the course of his employment as a police officer of the Village of Palatine, defendant Baran was pursuing defendant Hanna for a traffic violation, and cornered Hanna's car in the parking lot where he undertook to effect an arrest. While so doing, Hanna attempted to escape by driving his car out of the parking lot and across the lawn, where he struck and seriously injured plaintiff who was playing there with other small children. The negligence charged is that Baran failed to prevent Hanna's attempted escape in his car from the parking lot across the neighboring lawn.

Plaintiff contends, on appeal, that the order dismissing the complaint as to the Village and its police officer was improperly granted because the facts alleged, if proved, constitute a sufficient basis for recovery.

Defendants reply by maintaining that under common law a municipality and its employees are not liable in tort for failure to prevent tortious or unlawful acts by third persons. They also invoke the Local Governmental and Governmental Employees Tort Immunity Act, claiming that it bars actions against them while they are in the performance of their duties. Ill. Rev. Stat. 1969, ch. 85, pars. 1—101 *et seq.*

■■ On the basis of the few facts in the complaint, we find no implication of defendants' duty toward plaintiff, and hence no basis for recovery. In actions against a police officer in the exercise of his duties as an officer of the municipality, a special duty of care toward plaintiff as contrasted with the public at large must be shown to exist between the officer and plaintiff before recovery will be allowed. See *Gardner v. Village of Chicago Ridge*, 71 Ill.App.2d 373, 219 N.E.2d 147, which is relied on by plaintiff but is clearly distinguishable on the facts. By attempting to enforce a municipal traffic ordinance against Hanna, a special duty of care did not arise between the officer and plaintiff as distinguished from the general public. There are no facts alleged in the complaint which demonstrate that the officer knew or should have known that plaintiff was playing on the lawn near the scene of the arrest, or that Hanna was about to drive out of the parking lot across the lawn and that plain-

tiff therefore was in unusual danger. (*Huey v. The Town of Cicero*, 41 Ill.2d 361, 364, 243 N.E.2d 214.) Thus, there are no facts alleged which show the escape attempt was foreseeable, nor any facts which remove plaintiff from the status of a member of the public at large. Nor was there anything to suggest that the arresting officer acted unreasonably or was using careless or other than customary arrest procedures. See *Adamczyk v. Zambelli*, 25 Ill.App.2d 121, 128, 166 N.E.2d 93; *Keane v. City of Chicago*, 98 Ill.App.2d 460, 462, 240 N.E.2d 321.

In view of this conclusion, defendants' point as to the Local Governmental and Governmental Employees Tort Immunity Act, *supra,* need not be discussed.

The judgments of dismissal are affirmed.

Judgments affirmed.

LORENZ, P. J., and DRUCKER, J., concur.