RONALD CWIK *et al.*, Plaintiffs-Appellants, v. FOREST PRESERVE DISTRICT OF COOK COUNTY, Defendant-Appellee.

First District (5th Division)   No. 82—2633

Opinion filed March 15, 1985.

Ronald L. Drozdzik, of Johnson & Drozdzik, Ltd., of Chicago, for appellants.

Michael W. Ward, of O'Keefe, Ashenden, Lyons & Ward, of Chicago, for appellee.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Plaintiffs Ronald Cwik and Cynthia Lovitsch brought this action against the Forest Preserve District of Cook County for injuries sustained while snowmobiling at Miller's Meadow, owned and operated by defendant. Plaintiffs' pleadings alleged that defendant was guilty of wilful and wanton negligence. Defendant filed a motion to dismiss, which was granted by the trial court. The court held that the Illinois Snowmobile Registration and Safety Act (Ill. Rev. Stat. 1983, ch. 95½, par. 601—1 *et seq.*) barred plaintiffs' action. Plaintiffs appeal.

Plaintiffs on appeal contend: (1) that the circuit court erred in holding that defendant owed no duty of care to the plaintiffs, and (2) that sections 5—1(I) and (J) of the Illinois Snowmobile Registration and Safety Act (Ill. Rev. Stat. 1983, ch. 95½, pars. 605—1(I) and (J)), should not be interpreted as relieving the defendant from liability for acts and omissions of wilful and wanton negligence.

The parties initially agreed to postpone oral argument in this appeal to await the Illinois Supreme Court's decision filed in *Ostergren v. Forest Preserve District* (1984), 104 Ill. 2d 128, thereafter filed on October 19, 1984.

We note initially that the trial court heard no evidence on the merits of this case; therefore, only the matters raised in the pleadings and subsequent pretrial motions are addressed herein. Plaintiffs' first amended complaint alleges in count I that on February 12, 1981, the Cook County Forest Preserve District owned and operated property open for use by the public for recreational purposes known as Miller's Meadows, near Maywood. Such property was open for the operation of snowmobiles.

In Miller's Meadows, there was an asphalt roadway, with concrete pillars on either side, supporting a steel cable extended across the roadway. The pillars, cable and roadway were in an area designated for snowmobiling. On the date of the incident, the pillars and steel cable were partially covered by snow and therefore not visible. Plaintiffs allege that these conditions created a danger of which the defendant had knowledge and should have taken measures to remedy.

Plaintiffs further pleaded that at times prior to the incident in question, the defendant had marked the area containing the pillars and cable with picnic tables and other large objects to alert snowmobilers to the location of the obstacles. On the date in question, how-

ever, the pleadings indicate that the pillars and cable were in no way marked. Then, on February 12, 1981, plaintiffs' snowmobile, operated by Ronald Cwik and carrying passenger Cynthia Lovitsch, struck the partially hidden and concealed cable.

Count I alleged that Cwik was injured as a result of one or more of the following acts or omissions of wilful and wanton negligence; specifically, that defendant: (a) designated an area for snowmobiling which was not safe for such purposes; (b) allowed the existence of a partially hidden steel cable within an area it knew would be used for the operation of snowmobiles, when it knew or should have known that such cable constituted an obstruction and danger to snowmobile operators; (c) failed to post warning signs or markers within the immediate vicinity of the snow-covered cable. Count II incorporates by reference the previously set out factual allegations and asserts that plaintiff Cynthia Lovitsch was also injured by defendant in the same manner as was Cwik.

OPINION

■ Plaintiffs' first contention on appeal is that the circuit court erred in holding that defendant owed no duty of care to them. Plaintiffs assert that the defendant voluntarily assumed a duty to them and therefore must act with such care as one who has such a duty or be held liable for the consequences. Specifically, they reason that since their pleadings allege that the defendant knew of the existence of the obstruction and had marked this area on previous occasions, defendant had voluntarily assumed a duty towards plaintiffs.

Defendant responds, *inter alia*, that plaintiffs' complaint fails to establish a voluntary undertaking. Defendant contends that since the markings previously used to indicate the obstruction were no longer in existence at the time of the incident, the markings could have had no effect on plaintiffs.

We agree with the defendant's argument that defendant's conduct on prior occasions is not sufficient to establish a voluntary assumption of a duty towards plaintiffs. One who has gratuitously assumed to protect others against injury is under no obligation to continue that protection indefinitely. (*Chisolm v. Stephens* (1977), 47 Ill. App. 3d 999, 365 N.E.2d 80; *Hubbard v. Aetna Insurance Co.* (1976), 37 Ill. App. 3d 666, 347 N.E.2d 396.) Here, the fact that the defendant had marked the obstruction on previous occasions simply does not amount to the sort of conduct necessary to establish that defendant had assumed a voluntary duty to act to protect plaintiffs.

■ Plaintiffs' second contention on appeal is that sections 5—1(I)

and (J) of the Illinois Snowmobile Registration and Safety Act (Ill. Rev. Stat. 1983, ch. 95½, pars. 605—1(I) and (J)) should not be interpreted as relieving the defendant of liability for acts and omissions of wilful and wanton negligence.

Both parties draw our attention to *Ostergren v. Forest Preserve District* (1984), 104 Ill. 2d 128, in which the Illinois Supreme Court held that section 5—1(I) of the Illinois Snowmobile Registration and Safety Act was constitutional. That section provided as follows:

> "An owner, lessee, or occupant of premises owes no duty to keep the premises safe for entry or use by others for snowmobiling, or to give warning of any unsafe condition or use of or structure or activity on such premises. This subsection does not apply where permission to snowmobile is given for a valuable consideration other than to this State, any political subdivision or municipality thereof, or any landowner who is paid with funds from the Snowmobile Trail Establishment Fund." Ill. Rev. Stat. 1983, ch. 95½, par. 605—1(I).

The supreme court noted that the above section had been been amended by adding the following, effective January 5, 1984:

> "Nothing in this section limits in any way liability which otherwise exists for willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity." (Ill. Rev. Stat., 1984 Supp., ch. 95½, par. 605—1(I).)

However, the court refused to apply the 1984 amendment retroactively.

Plaintiffs subsequently cited *Ostergren* herein as additional authority, but contend that it is inapplicable for resolution of this case because the complaint in *Ostergren* was predicated upon ordinary negligence, not wilful and wanton negligence as is alleged here. We disagree. Although the complaint in that case was based on negligence, the decision remains the primary guidance offered by the Illinois Supreme Court on the applicability of the pertinent provisions of the Illinois Snowmobile Registration and Safety Act. Ill. Rev. Stat. 1983, ch. 95½, par. 601—1 *et seq.*

In *Ostergren*, a majority of the supreme court held that the 1984 amendment allowing recovery for wilful or malicious failure to guard or warn against a dangerous condition would not be applied retroactively. The court stated, "This amendment became effective in January of 1984, long after the plaintiff was injured and this litigation had begun, and after the appellate court opinion had been filed. We decline to give retroactive application to the 1984 amendment." *Ostergren v. Forest Preserve District* (1984), 104 Ill. 2d 128, 135-36.

■ Here, plaintiffs were injured February 12, 1981, long before the 1984 amendment. Although the dissenting opinion in *Ostergren* is arguably persuasive, we are bound by the majority opinion, which held that the amendment is not to be given retroactive application. (*Beagley v. Andel* (1978), 58 Ill. App. 3d 588, 374 N.E.2d 929; *Belden Manufacturing Co. v. Chicago Threaded Fasteners, Inc.* (1967), 84 Ill. App. 2d 336, 228 N.E.2d 532.) Because the 1984 amendment is not applicable herein, the statute in force at the time of this accident specified that defendant owed no duty for use of the premises by others for snowmobiling. Therefore, the trial court did not err in dismissing plaintiffs' complaint.

For the foregoing reasons, the trial court's order dismissing plaintiffs' complaint is affirmed.

Affirmed.

SULLIVAN and PINCHAM, JJ., concur.