PAULINE THAMES, Indiv. and as Mother and Best Friend of Roshawn Thames, a Minor, Plaintiff-Appellee, v. BOARD OF EDUCATION OF THE CITY OF CHICAGO, Defendant-Appellant (Ted D. Kimbrough, Indiv. and in his Official Capacity, Defendant).

First District (5th Division)   No. 1—92—3013

———

Opinion filed December 22, 1994.

———

Iris E. Sholder, of Board of Education of City of Chicago, of Chicago (William A. Morgan, of counsel), for appellant.

Barry A. Spevack, of Monico, Pavich & Spevack, and Kevin Rogers, both of Chicago, for appellee.

JUSTICE GORDON delivered the opinion of the court:

This interlocutory appeal, brought pursuant to leave granted under Supreme Court Rule 308 (134 Ill. 2d R. 308), is taken from the trial court's denial of defendant's motion to dismiss plaintiff's personal injury action. The plaintiff, Pauline Thames, instituted the instant action on behalf of her minor daughter, Roshawn Thames, for injuries Roshawn sustained as a result of the discharge of a handgun concealed in the book bag of a fellow high school student who was seated in front of her in a classroom at Orr High School. Liability was alleged against the Board of Education of the City of Chicago (the Board) and Ted C. Kimbrough, the general superintendent of the Chicago public schools, for failing to install metal detectors or to adopt other means of weapons interdiction despite knowledge that guns and other weapons had been brought into some of the Board's schools, including Orr High School, on a number of previous occasions.

The Board and Ted Kimbrough moved to dismiss based on the provisions of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1989, ch. 85, pars. 1—101 et seq. (now 745 ILCS 10/1—101 et seq. (West 1992))) (the Tort Immunity Act). The circuit court granted Ted Kimbrough's motion but denied the Board's motion, finding the complaint set forth sufficient allegations of a "special duty." The court denied the Board's motion to

reconsider but subsequently certified four questions for interlocutory review pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308). The Board's petition for leave to appeal was granted.

The four questions certified for review can be consolidated into two: (1) whether the Board had a "special duty" to the injured minor under the facts alleged; and (2) whether the "special duty" exception operates to negate the immunities provided to the Board under the Tort Immunity Act. Because we answer the first question in the negative, we need not reach the second.

When ruling on a motion to dismiss a complaint pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619 (now 735 ILCS 5/2—619 (West 1992))), the pleadings are to be liberally construed, and the court must accept as true all well-pleaded facts and reasonable inferences that can be drawn from those facts. (*E.g.*, *Noesges v. Servicemaster Co.* (1992), 233 Ill. App. 3d 158, 598 N.E.2d 437; *Schons v. Monarch Insurance Co.* (1991), 214 Ill. App. 3d 601, 574 N.E.2d 83.) A trial court should dismiss a cause of action on the pleadings only if, after construing the documents in the light most favorable to the opposing party, it is clearly apparent that no set of facts can be proven which will entitle a plaintiff to recover. (*E.g.*, *Estate of Herington v. County of Woodford* (1993), 250 Ill. App. 3d 870, 620 N.E.2d 463; *Munizza v. City of Chicago* (1991), 222 Ill. App. 3d 50, 583 N.E.2d 561.) To survive a motion to dismiss, a complaint must assert facts supporting the allegations of the cause of action; that is, the complaint must allege facts establishing a duty, breach of that duty and resulting injury. (*Anthony v. City of Chicago* (1988), 168 Ill. App. 3d 733, 523 N.E.2d 22.) It is not sufficient that the complaint merely allege a duty; the pleader must allege facts from which the law will raise a duty. *E.g.*, *Bell v. Village of Midlothian* (1980), 90 Ill. App. 3d 967, 414 N.E.2d 104.

Illinois courts have generally upheld the common law principle that municipalities are not liable in tort and owe no duty to individual members of the general public for failure to enforce local laws or ordinances (see, *e.g.*, *Arizzi v. City of Chicago* (1990), 201 Ill. App. 3d 368, 559 N.E.2d 68); for a failure to prevent the tortious or unlawful acts of others (see, *e.g.*, *Santy v. Bresee* (1984), 129 Ill. App. 3d 658, 473 N.E.2d 69; *Gardner v. Village of Chicago Ridge* (1966), 71 Ill. App. 2d 373, 219 N.E.2d 147; *Adamczyk v. Zambelli* (1960), 25 Ill. App. 2d 121, 166 N.E.2d 93); or for the negligent exercise of municipal authority pursuant to a governmental duty and for a governmental purpose (see, *e.g.*, *Leone v. City of Chicago* (1993), 156 Ill. 2d 33, 619 N.E.2d 119; *Fryman v. JMK/Skewer, Inc.* (1985), 137 Ill. App. 3d 611, 484 N.E.2d 909; *Stigler v. City of Chicago* (1971), 48 Ill. 2d 20,

268 N.E.2d 26). (*Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 565 N.E.2d 654, *overruled on other grounds, McCuen v. Peoria Park District* (1994), 163 Ill. 2d 125.) The rationale for denying liability was stated in *Stigler v. City of Chicago* to be as follows:

"If the failure of the city to enforce this ordinance should render it liable for injuries sustained thereby, the tremendous exposure to liability would certainly dissuade the city from enacting ordinances designed for the protection and welfare of the general public, and thereby the general public would lose the benefit of salutary legislative enactments." *Stigler*, 48 Ill. 2d at 24-25, 268 N.E.2d at 29.

Case law has created three exceptions to the common law doctrine of governmental immunity. That doctrine does not apply where the governmental actions giving rise to liability are ministerial or routine and mechanical, as opposed to discretionary or requiring the exercise of judgment. (*Fryman v. JMK/Skewer, Inc.*, 137 Ill. App. 3d 611, 484 N.E.2d 909.) Under the "corporate" function exception, when a municipality engages in an enterprise that is not essentially a governmental function, the municipality may be liable when the negligence of its agents or employees causes harm to third persons. (*Fryman v. JMK/Skewer, Inc.*, 137 Ill. App. 3d 611, 484 N.E.2d 909.) A third common law exception to the doctrine of governmental immunity is the "special duty" or "special relationship" doctrine. (*Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 565 N.E.2d 654. *Cf. Leone v. City of Chicago* (1993), 156 Ill. 2d 33, 47, 619 N.E.2d 119, 126 (Bilandic, J., dissenting) ("special duty" exception is not exception to common law doctrine of sovereign immunity or statutory immunity but is exception to common law "public duty" rule).) In accordance with the "special duty" exception, if circumstances arise whereby care or custody is exercised over a specific individual by a municipality or public official so that a duty to act on behalf of that individual comes into existence, the failure to carry out this duty in a nonnegligent manner is actionable. (*Fryman v. JMK/Skewer, Inc.*, 137 Ill. App. 3d 611, 484 N.E.2d 909.) The affirmative exercise of care or custody over the individual elevates that person's status beyond that of a member of the public at large (*Burdinie v. Village of Glendale Heights*, 139 Ill. 2d 501, 565 N.E.2d 654), and the agency's or officer's undertaking transforms the general citizen into an object of special concern (*Santy v. Bresee* (1984), 129 Ill. App. 3d 658, 473 N.E.2d 69).

Illinois courts have established four requirements or elements to the "special duty" exception. First enunciated in *Bell v. Village of Midlothian* (1980), 90 Ill. App. 3d 967, 414 N.E.2d 104, they are:

"1) the municipality must be uniquely aware of the particular danger or risk to which the plaintiff is exposed [citation]; 2) there must be allegations of specific acts or omissions on the part of the municipality [citation]; 3) the specific acts or omissions *** must be either affirmative or wilful in nature [citation]; and 4) the injury must occur while the plaintiff is under the direct and immediate control of employees or agents of the municipality [citation]." *Bell*, 90 Ill. App. 3d at 970, 414 N.E.2d at 106.

While the "special duty" exception has been applied primarily to actions involving law enforcement and fire protection, Illinois case law has not limited that exception to a particular class or type of public official. (See *Burdinie v. Village of Glendale Heights*, 139 Ill. 2d 501, 565 N.E.2d 654; *Anthony v. City of Chicago* (1988), 168 Ill. App. 3d 733, 523 N.E.2d 22.) The "special duty" exception also has been applied in causes of action involving the failure to enforce municipal housing code provisions (*Stigler v. City of Chicago* (1971), 48 Ill. 2d 20, 268 N.E.2d 26; *Arizzi v. City of Chicago* (1990), 201 Ill. App. 3d 368, 559 N.E.2d 68) and county health department ordinances (*Fryman v. JMK/Skewer, Inc.*, 137 Ill. App. 3d 611, 484 N.E.2d 909); negligent instruction by public swimming instructors (*Burdinie v. Village of Glendale Heights*, 139 Ill. 2d 501, 565 N.E.2d 654); and the failure to maintain a public minibike trail (*Bell v. Village of Midlothian* (1980), 90 Ill. App. 3d 967, 414 N.E.2d 104).

The complaint in the instant case asserted that a special relationship existed between the Board and the minor plaintiff and that the Board had a duty to exercise reasonable care for the safety of the minor plaintiff. The plaintiff alleged that the Board breached its duty of reasonable care by failing to warn the parents of students, including the minor plaintiff, of the presence of weapons in the schools; by wilfully and wantonly maintaining inadequate policies and procedures which allowed the presence of weapons on high school campuses to flourish; and by failing to take remedial action, including weapons interdiction, despite knowing that weapons were being brought onto high school campuses. The complaint further alleged that the Board's breach of duty was the direct and proximate cause of the minor plaintiff's injury. Based on these allegations, the trial court found that the complaint set forth the four elements required to establish the "special duty" exception and denied the Board's motion to dismiss.

The certified questions submitted by the plaintiff concentrate on the first element of the "special duty" exception, the unique awareness requirement. With respect to that element, the plaintiff alleged that the Board had known for some time that weapons were routinely

brought into the schools, including the minor plaintiff's school. The plaintiff submitted an exhibit attached to her complaint setting forth the number of weapons violations that occurred in the entire Chicago public school system and at Orr High School during the years 1987 through 1990.

The unique awareness requirement originated in *Huey v. Town of Cicero* (1968), 41 Ill. 2d 361, 243 N.E.2d 214, which concerned a wrongful death action premised on a failure to provide police protection. Rejecting the plaintiff's special duty argument, the court stated:

> "[The complaint] merely alleges that the defendants knew of the presence of Negroes in Cicero and the possibility of racial disorder and concludes that the defendants were bound to notify Negroes of this condition or afford them police protection. It is not alleged that defendants knew of the presence of the decedent in the town, that he had requested police protection, or that he was in some peculiar danger." (Emphasis added.) (*Huey*, 41 Ill. 2d at 364, 243 N.E.2d at 216.)

Unique awareness requires knowledge of a particular danger to the particular plaintiff (see *Burdinie v. Village of Glendale Heights*, 139 Ill. 2d 501, 565 N.E.2d 654); *Lane v. City of Harvey* (1988), 178 Ill. App. 3d 270, 533 N.E.2d 75). Allegations that a public employee had superior knowledge and experience and that the employee was in a better position than the public to prevent potential harm are not sufficient to create a special duty. (*Burdinie v. Village of Glendale Heights*, 139 Ill. 2d 501, 565 N.E.2d 654; *Fryman v. JMK/Skewer, Inc.*, 137 Ill. App. 3d 611, 484 N.E.2d 909.) In *Arizzi v. City of Chicago*, a special duty was not imposed upon the city despite the fact that the city was aware of the danger posed by a vacant building and had obtained a court order to have the building boarded up and secured. Finding a factual situation similar to that presented in *Huey v. Town of Cicero*, the court held that the city did not know of the minor plaintiff's actual presence on the premises or that the plaintiff was in some peculiar danger. (See also *Fryman*, 137 Ill. App. 3d at 617, 484 N.E.2d at 913 (no special duty owed to poisoned patron by county health department that failed to close restaurant or warn patrons that restaurant was serving contaminated food because county "had no knowledge of the danger to any specific individuals").) Similarly, in *McGuckin v. Chicago Union Station* (1989), 191 Ill. App. 3d 982, 548 N.E.2d 461, the court held that the special duty exception did not apply to a decedent who died of smoke inhalation because the firefighters were not uniquely aware of any specific danger to him. Specifically, the court found "the record does not disclose that [the firefighters] knew of [the decedent's] existence on the premises nor

did they receive from him a request for protection." *McGuckin*, 191 Ill. App. 3d at 993, 548 N.E.2d at 468.

■ Clearly, the cases interpreting the unique awareness element of the "special duty" exception provide a narrow interpretation of that requirement. To establish that element, facts must be alleged that the defendant had actual knowledge of a *particular risk* to the *particular plaintiff*. In the instant case, the plaintiff attempts to satisfy the unique awareness requirement by alleging that the Board knew that weapons were routinely brought into the schools, including the minor plaintiff's school. The plaintiff's allegations of knowledge are broad and encompass a general knowledge or awareness that guns are sometimes present in schools within the jurisdiction of the Board. There are no allegations that the Board or one of its employees had specific knowledge that the particular student, Ralona Whitcomb, was in possession of a gun on the premises of the plaintiff's school, Orr High School, on the date of the shooting or that the minor plaintiff was specifically in danger from being shot by Whitcomb. Without these allegations the minor plaintiff has not been transformed from a general citizen into an object of special concern (see *Santy v. Bresee*, 129 Ill. App. 3d 658, 473 N.E.2d 69). Thus, the plaintiff has failed to allege sufficient facts to satisfy the unique awareness requirement of the "special duty" exception.

The plaintiff's complaint also has failed to set forth factual allegations establishing the fourth element of the "special duty" exception, that the injury must occur while the plaintiff is under the direct and immediate control of a public employee. As stated in *Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 565 N.E.2d 654:

> "[T]he fourth test requirement is met where the public employee creates a position of peril ultimately injurious to a plaintiff, as opposed to situations where a plaintiff merely seeks protection from the public employee that is not normally provided. [Citations.] We interpret this to mean that the control element arises when the public employee initiates the circumstances which create the dangerous situation." (*Burdinie*, 139 Ill. 2d at 525-26, 565 N.E.2d at 667.)

In *Leone v. City of Chicago* (1992), 235 Ill. App. 3d 595, 601 N.E.2d 942, *aff'd* (1993), 156 Ill. 2d 33, 619 N.E.2d 119, this court found that the police officer who was performing a traffic stop assumed and breached a special duty of care to the plaintiff when the officer stopped the plaintiff's car and directed the plaintiff to step between their two cars. A subsequent motorist collided with the two cars causing severe injuries to the plaintiff. In addition to finding that the officer was uniquely aware of the danger threatening the plaintiff, the

court also found that the plaintiff was under the direct and immediate control of the officer. Recognizing that police officers are " 'cloaked in State authority, making refusal to obey an order *** a difficult proposition in the mind of a private citizen' " (*Leone*, 235 Ill. App. 3d at 601, 601 N.E.2d at 946, quoting *Burdinie*, 139 Ill. 2d at 525, 565 N.E.2d at 667), the court concluded that the plaintiff was under the direct control of the officer. See also *Anthony v. City of Chicago* (1988), 168 Ill. App. 3d 733, 523 N.E.2d 22 (control exercised when firefighter ordered bystander to accompany him into burning building); *Gardner v. Village of Chicago Ridge* (1966), 71 Ill. App. 2d 373, 219 N.E.2d 147 (control exercised by police officers who requested that plaintiff accompany them to make identification of suspected attackers).

The determinative factor for a finding of direct and immediate control is whether the public official was responsible for the occurrence which gave rise to the need for protection. (*Lane v. City of Harvey* (1988), 178 Ill. App. 3d 270, 533 N.E.2d 75.) In *Lane v. City of Harvey* the plaintiff, a private security guard, was struck by a motorist while he was directing traffic. The plaintiff sought to impose a special duty on the city for its failure to train him in traffic control procedures, to provide traffic control at peak hours, and to install a mechanical system to regulate traffic. Despite the fact that a city police officer had witnessed the plaintiff directing traffic in an unsafe manner, the court held that "a public employee's actual notice of another's need for protection is not determinative of a finding of direct and immediate control." (*Lane*, 178 Ill. App. 3d at 277, 533 N.E.2d at 80; see also *Jackson v. Chicago Firefighters Union, Local No. 2* (1987), 160 Ill. App. 3d 975, 513 N.E.2d 1002.) Since the city was not responsible for the circumstances that caused the injury to the plaintiff, the control element was absent. Similarly, in *McGuckin v. Chicago Union Station* (1989), 191 Ill. App. 3d 982, 548 N.E.2d 461, direct and immediate control by a public employee over the decedent was not found. The plaintiff sought to impose liability upon the City of Chicago for negligently instructing tenants to remain in their building during a fire. As to the control element, the court found that there was no affirmative act on the part of the firefighters which placed the decedent in a position of peril. There was no evidence that the firefighters ordered, instructed, or advised the tenants to remain in the building.

■ The plaintiff in the case *sub judice* argues that the Board exercised control over her because her presence in school was required by law. This required presence does not satisfy the control element necessary for imposition of a special duty upon the Board. Plaintiff's argument fails to comprehend the distinction between a

public duty owed to members of the general public versus a special duty owed to a specific individual. With the exceptions stated earlier in this opinion, a public entity is not liable in tort to members of the general public unless the plaintiff can show that a special duty is owed to him or her that is different from the duty owed to the general public. (*Burdinie v. Village of Glendale Heights*, 139 Ill. 2d 501, 565 N.E.2d 654.) Under the "special duty" exception, as a result of affirmative or wilful acts or omissions by a public employee directed at a particular individual, a special relationship is created between that individual and the public entity so that it becomes the duty of the public entity or employee to act on behalf of that specific individual as opposed to the public at large. Here, the control alleged to have been imposed on the minor plaintiff is the same as that exercised over the entire student population at Orr High School as well as the entire Chicago public school system.

Furthermore, there are no allegations that a public employee created the position of peril that was ultimately injurious to the minor plaintiff. The plaintiff is seeking to impose upon the Board a duty of protection which it did not provide. While direct control has been found to exist when a position of peril is created, it has not been found to exist where there is a failure to protect and where that protection is not normally provided. *Burdinie v. Village of Glendale Heights*, 139 Ill. 2d 501, 565 N.E.2d 654; see also *Jackson v. Chicago Firefighters, Local No. 2*, 160 Ill. App. 3d 975, 513 N.E.2d 1002 (city did not exercise control over plaintiff's premises and was not liable to plaintiffs for striking firefighters' failure to tend fire); *Galuszynski v. City of Chicago* (1985), 131 Ill. App. 3d 505, 475 N.E.2d 960 (plaintiffs not under direct control of police where plaintiffs sought police protection from burglars); *Marvin v. Chicago Transit Authority* (1983), 113 Ill. App. 3d 172, 446 N.E.2d 1183 (no evidence that police officer directed or caused plaintiff to descend to subway platform where plaintiff was attacked); *Gardner v. Village of Chicago Ridge*, 71 Ill. App. 3d 373, 219 N.E.2d 147 (police request that plaintiff accompany them to a specific location in order to view several suspects was exercise of direct control).

A pivotal fact in the control analysis is whether the public entity or its employees were responsible for the occurrence which gave rise to the need for protection. (*Jackson v. Chicago Firefighters, Local No. 2*, 160 Ill. App. 3d 975, 513 N.E.2d 1002.) While the plaintiff contends that the Board was responsible for her injuries because it failed to develop a weapons interdiction procedure which would have led to the confiscation of the gun which caused her injury, the actual failure of the Board was its failure to protect the minor plaintiff as well

as all of the students enrolled in the Chicago public school system from injuries caused by weapons. Direct control does not exist when a failure to protect is alleged unless a corresponding allegation is made that the entity or its employee initiated the circumstances creating the dangerous situation for the particular plaintiff. Here the dangerous condition was not initiated by the Board or one of its employees but by Ralona Whitcomb's bringing a handgun to school. This act created a condition of peril not just for the minor plaintiff but for all individuals present at Orr High School on the day of the shooting. Under the alleged facts of this case, we see little difference between a city's immunity from liability for a failure to protect an individual, who is a member of the general public, from Whitcomb's unlawful use of a weapon and the Board's failure to protect the minor plaintiff, who is a member of the student population. (See *Keane v. City of Chicago* (1968), 98 Ill. App. 2d 460, 240 N.E.2d 321 (city did not owe special duty to school teacher killed on school premises by student; duty to protect teacher from criminal acts of third person is no more than the general duty owed to protect the safety and well-being of the public at large).) Since the special duty exception does not apply to the former situation (see *Galuszynski v. City of Chicago* (1985), 131 Ill. App. 3d 505, 475 N.E.2d 960; *Santy v. Bresee* (1984), 129 Ill. App. 3d 658, 473 N.E.2d 69), so too it does not apply to the latter situation. As a result, the plaintiff has not alleged facts establishing the immediate and direct control element of the "special duty" exception.

In view of our findings regarding a lack of sufficient factual allegations establishing a unique awareness or immediate and direct control, and in view of the failure of the certified questions to raise the remaining two elements of the "special duty" exception, we need not address those requirements here. As the plaintiff's complaint did not and could not allege sufficient facts to establish a special duty owed to her, individually, the trial court erred in denying the Board's motion to dismiss based upon the "special duty" exception.

With respect to the second consolidated question raised in this appeal, whether the "special duty" exception operates to negate the immunities provided to the Board under the Tort Immunity Act, we note that there is disagreement among the justices of our supreme and appellate courts on that issue. (See *Leone v. City of Chicago* (1993), 156 Ill. 2d 33, 47, 619 N.E.2d 119, 126 (Bilandic, J., dissenting); 156 Ill. 2d at 50, 619 N.E.2d at 127 (Heiple, J., dissenting); see also *Leone v. City of Chicago* (1992), 235 Ill. App. 3d 595, 602 n.5, 601 N.E.2d 942, 947 n.5.) Because we find the "special duty" exception inapplicable to the facts of the instant case, we need not address this issue.

For the foregoing reasons, the denial of the Board's motion to dismiss based upon a finding of a "special duty" is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

McNULTY and O'BRIEN,[1] JJ., concur.

———

[1]Prior to his retirement, Presiding Justice Murray heard the oral argument in this appeal. Following his retirement, Justice O'Brien was substituted for Justice Murray on the panel of this appeal and has listened to the tape of the oral arguments and has read the briefs and record.